OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was tried jointly before a jury with two codefendants, and convicted of robbery in the first degree and three counts of attempted robbery in the first degree. On the second day of deliberations, after being informed that one or more jurors might be encountering personal problems, the court asked the jurors to communicate, in writing, the nature of any problem they might be experiencing. The court received a note from one juror expressing concern for the safety of her family. The courtroom was cleared and the juror questioned in the presence of the court and both counsel.
 

 The juror stated that she felt unable to continue deliberating because she recognized a person in the courtroom and feared reprisals if a verdict unfavorable to the defendants was reached. The juror advised the court that she did not feel she was in danger until after the first day of deliberations had ended. Defendant moved for a mistrial.
 

 After determining from the jury and the foreperson that the jury had reached a verdict on some counts of the indictment at the end of the first day’s deliberations, the court took a partial verdict. The jury found the defendant guilty of one count of robbery in the first degree and guilty of three counts of attempted robbery in the first degree. It did not reach a verdict on one count of robbery in the first degree. The court then discharged the jury. Defendant’s motion for a mistrial was denied. Defendant appealed his convictions and the Appellate Division affirmed.
 

 A juror may be discharged even after jury deliberations have begun if a court finds from facts unknown during the jury selection process that a juror is grossly unqualified (CPL 270.35). "In concluding that a juror is grossly unqualified, the
 
 *1008
 
 court may not speculate as to possible partiality of the juror based on her equivocal responses. Instead, it must be convinced that the juror’s knowledge will prevent her from rendering an impartial verdict”
 
 (People v
 
 Buford, 69 NY2d 290, 299).
 

 The juror at issue here stated that she did not feel unable to continue deliberating until after the jury had been discharged on the first day. Consequently, the juror was not grossly unqualified to participate in the first day’s jury deliberations and the partial verdict was reached by a qualified and competent jury. Having determined that the jury would be unable to reach a verdict on all of the counts, the trial court properly terminated the deliberations and ordered the jury to render a partial verdict (CPL 310.70 [1] [a]).
 

 Defendant’s remaining contentions are unpreserved.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.