■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MORALES, Appellant. [670 NYS2d 591] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered July 14, 1995, convicting him of criminal possession of a controlled substance in the third degree and criminal use of drug paraphernalia (two counts), upon a jury

verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the testimony to the effect that many of his personal effects were found in the apartment where the search warrant was executed and that he possessed keys to the premises were sufficient to demonstrate that he occupied the apartment, and was in constructive possession of the cocaine and drug paraphernalia recovered by the police (see, People v Robertson, 48 NY2d 993; People v Diaz, 220 AD2d 260; People v Davis, 206 AD2d 833; People v Mejie, 186 AD2d 155). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, the hearing court did not err in denying the defendant's motion to suppress evidence that he opened a locked safe found in the apartment during the execution of the search warrant. Although the defendant asserts that this evidence should have been excluded because he was not notified of the People's intention to introduce it at trial pursuant to CPL 710.30, the statutory notice requirement applies only to "evidence of a statement made by a defendant". The defendant's conduct in opening the safe was not a statement intended to communicate any information, and therefore no CPL 710.30 notice was required (see, People v Peters, 43 AD2d 599).

The sentence imposed was not excessive (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.