■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. SCOTT, Appellant. [678 NYS2d 148] —Crew III, J. Appeal from a judgment of the County Court of Cortland County (Smith, J.), rendered April 11, 1997, which resentenced defendant following his conviction of the crimes of robbery in the first degree (three counts), robbery in the second degree, criminal use of a firearm in the first degree, criminal possession of stolen property in the third degree and criminal possession of a weapon in the third degree (two counts).

On May 2, 1996, defendant drove Marlon Ferguson from the Syracuse area to the City of Cortland, Cortland County. Ferguson told defendant to stop the car on Charles Street, whereupon he got out of the car and walked to the Cortland Savings Bank. Ferguson then entered the bank, followed by defendant, and robbed a teller at gunpoint. Both men thereafter left the bank, got in the car and drove to Interstate Route 81, where they were stopped and apprehended by members of the State Police. As a consequence, both Ferguson and defendant were

indicted for, *inter alia*, robbery in the first degree. Ferguson later pleaded guilty to one count of robbery in the first degree and was sentenced to an indeterminate term of imprisonment of 3 to 6 years. Following defendant's trial, at which Ferguson testified for the defense, defendant was found guilty of, *inter alia*, robbery in the first degree and sentenced to a definite term of imprisonment of 10 years. This appeal ensued.

Initially, we reject defendant's assertion that he was denied a fair trial by reason of the fact that County Court allegedly coerced Ferguson's plea allocution implicating defendant in the robbery. Simply stated, defendant lacks standing to challenge the propriety of Ferguson's plea allocution (*cf., People v Henley*, 53 NY2d 403, 407-408; *People v Eaddy*, 200 AD2d 896, 898, *lv denied* 83 NY2d 852).

We likewise reject defendant's claim that he was denied a fair trial due to County Court's allegedly inappropriate questioning of Ferguson. It has long been the rule that a Trial Judge may assume an active role in the resolution of the truth, which includes clarifying issues and developing significant factual information (*see, e.g., People v De Jesus*, 42 NY2d 519, 523), provided he or she does not do so in manner or language from which the jury would gain the impression that the court harbors an opinion as to the credibility of a witness or a material issue in the case (*see, People v Moulton*, 43 NY2d 944, 945). Here, County Court asked a number of questions concerning the whereabouts of defendant between the time when Ferguson exited the car and walked to and into the bank. The questions clearly were for the purpose of clarifying where Ferguson claimed defendant was during that time span, inasmuch as his testimony on both direct and cross-examination was not entirely intelligible in that respect. Although we have some concern with County Court's reference to Ferguson's plea allocution concerning defendant's participation in the criminal endeavor as such material was relevant only as a means of impeachment, we note that the question posed by the court was interrupted by a colloquy between the court and defense counsel and was not thereafter answered or pursued. Additionally, the subject matter of County Court's inquiry was already brought to the jury's attention during the People's cross-examination and, consequently, we are satisfied that the jury was not prevented from arriving at an impartial verdict on the merits (*see, id.*, at 946).

Finally, defendant contends that a number of the counts of the indictment should have been dismissed as duplicitous in that they alleged that defendant engaged in various conduct by

use of the disjunctive "or", thereby failing to give defendant fair notice of the People's theory of the crime. We disagree. It is well established that " '[w]here an offense may be committed by doing any one of several things, the indictment may, in a single count, group them together and charge the defendant with having committed them all, and a conviction may be had on proof of the commission of any one of the things, without proof of the commission of the others' " (*People v Charles*, 61 NY2d 321, 327-328 quoting *People v Nicholas*, 35 AD2d 18, 20). We have considered defendant's remaining contentions and find them to be equally without merit.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.