■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL RIVERA, Appellant. [703 NYS2d 481] —Judgment, Supreme

Court, Bronx County (Patricia Williams, J.), rendered March 31, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's motion to discharge a juror, since the record establishes that the juror was not grossly unqualified (*see*, CPL 270.35; *People v Rodriguez*, 71 NY2d 214, 219). During a luncheon recess that occurred after defendant and his wife had testified, a juror overheard a scrap of conversation in which defendant was telling his wife what to say, in some unspecified context. The juror reported this to the court and, in response to the court's inquiry as to whether it would affect her ability to decide the case fairly, she stated, "If I thought that the witness was going to come back, it would. Knowing that the witness might not come back, it would not." When she was told that there would be no further testimony in the trial, she gave unequivocal assurances that the words she had overheard would have no effect on her verdict. Unlike the situation in *People v Aybinder* (215 AD2d 181, *lv denied* 86 NY2d 840), there was nothing illogical about the juror's response, because any reason to suspect that the subject matter of the conversation might have been defendant's wife's prospective testimony was removed by the court's assurance that the wife had no further testimony to give. Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.