■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT KINRED, Appellant. [714 NYS2d 594] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 1, 1999 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

After a jury trial, defendant was convicted of assault in the second degree arising from an incident in which he and a codefendant beat the victim with a vacuum cleaner in the presence of the victim's wife. The People offered evidence at trial that the motive for the attack was to punish the victim for his failure to repay a drug debt owed his supplier, the codefendant. Although the victim and his wife were acquainted with defendant, as he had visited their apartment on occasions prior to the incident at issue, both knew him only by his nickname, "Ro." Defendant, who was tried separately from the codefendant, pursued a misidentification defense.

The first contention raised on appeal is that reversal is warranted because the People failed to provide defendant with CPL 710.30 notice of an out-of-court photographic identification procedure involving the victim's wife. We disagree. The

prosecution is required to give notice when it intends to offer at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such" (CPL 710.30 [1] [b]). Here, the People did not attempt to elicit testimony from the victim's wife regarding any out-of-court identification she made of defendant and maintained that no such procedure had occurred. Indeed, it was defendant who raised this issue by questioning the victim's wife during cross-examination as to whether she had seen a photograph of defendant. In response, she stated that she had chosen the codefendant's picture from a photo array and indicated she may also have seen a picture of defendant when she was at the police station.

However, at a hearing conducted to clarify whether the victim's wife had identified defendant from a photo array, she testified that she could not remember whether there had been such a procedure involving defendant. The victim's wife's testimony further does not indicate that she eliminated defendant as one of the perpetrators, nor did she identify anyone else as the codefendant's accomplice. One of the police officers involved in the investigation asserted at the hearing that the victim's wife had identified only the codefendant from the photo array presented on January 7th or 8th, 1999. He further noted that the police department did not possess a photograph of defendant until his arrest on January 22, 1999, weeks after the identification procedure at issue was alleged to have taken place, and that the photo array prepared after defendant's arrest was shown only to the victim.

Supreme Court credited the testimony of the police officer and found that there was reason to question the victim's wife's recall of the photo identification procedures given the equivocal nature of her testimony in that regard and her drug usage. As there is evidence in the record to support Supreme Court's conclusion that a police-arranged photo identification of defendant by the victim's wife did not occur and that the People did not proffer any such out-of-court identification evidence at trial, we concur that there was no CPL 710.30 violation (*see*, *People v Trammel*, 84 NY2d 584, 587-588; *People v Pagan*, 248 AD2d 325, *affd* 93 NY2d 891).

Defendant, whose written statement to police admitting involvement in the incident was submitted to the jury, further contends that his motion for a mistrial should have been granted due to the People's presentation of evidence that he continued to talk to the police for five hours concerning unre-

lated matters after signing his initial written statement. Defendant bases his claim of reversible error on the failure of the People to provide CPL 710.30 notice of their intent to offer the oral statements made during that time period and, in addition, claims that the testimony pertaining to his conversations with police in relation to other matters constituted improper evidence of prior bad acts and uncharged crimes in violation of the *Molineux* rule (*see, People v Molineux,* 168 NY 264). We reject both contentions.

Because defendant's conduct in speaking with police officers after he completed his written statement was part of the totality of circumstances surrounding the admissions offered to rebut defendant's claim that the written statement was not voluntary, the testimony was properly received as relevant to a material issue before the jury (*see,* CPL 710.70 [3]; 60.45 [2]). Considering the probative value of the evidence, we find unpersuasive defendant's assertion that it was improperly received, particularly as this argument is founded solely on speculation that the jury necessarily inferred that defendant committed unspecified bad acts or uncharged crimes from the fact that defendant continued to converse with police officers.

Additionally, it is questionable whether the CPL 710.30 (1) (a) notice requirements are implicated under the circumstances presented because the People offered proof only of defendant's actions, i.e., that he continued to speak with police after signing the written statement, without revealing what defendant communicated (*see, People v Morales,* 248 AD2d 731, *lv denied* 92 NY2d 902; *People v Peters,* 43 AD2d 599). In any event, given that the purpose of CPL 710.30 (1) (a) is to provide defendant an opportunity to make a timely motion challenging the voluntariness of statements made to law enforcement (*see, People v Rodney,* 85 NY2d 289), and the circumstances surrounding defendant's interrogation were explored at the suppression hearing relating to the written statement, we find no error warranting reversal.

Nor was the People's failure to disclose oral and written statements of defendant relating to other matters a violation of *Rosario* requirements, which address the People's duty to provide the defense with recorded statements of prosecution witnesses relating to the subject matter of the witnesses' testimony (*see,* CPL 240.44 [1]; 240.45 [1]; *People v Rosario,* 9 NY2d 286, 289-290, *cert denied* 368 US 866). As defendant was not a prosecution witness and the statements to which he refers did not pertain to the charge at issue and were not disclosed to the jury, such statements did not fall within the province of *Rosario* disclosure.

Finally, defendant cites error in Supreme Court's refusal to disqualify three sworn jurors. During the trial, one juror overheard a conversation in the courthouse elevator between two police officers regarding the cause for a delay in the proceedings and later commented to two other jurors that he heard the reason for the delay in proceedings. After the juror reported the incident, the court questioned him in the presence of the parties as to the substance of the remarks and determined that what the juror had heard was not prejudicial to defendant and that the issue underlying the delay had previously been disclosed on the record to all of the jurors. Furthermore, the juror unequivocally stated that his ability to be impartial was not impaired. The court denied defendant's motion for a mistrial, holding that disqualification of the juror was unnecessary, and, inasmuch as this juror was not grossly unqualified to serve, neither were the other two jurors. Defendant maintained that all or none of the three jurors should be disqualified.

As Supreme Court conducted "a 'probing and tactful inquiry' into the particular circumstances" surrounding the application, its conclusion that no information that was overheard rose to a level which would merit juror disqualification is entitled to substantial deference (*People v Bailey*, 258 AD2d 807, 808, *lv denied* 93 NY2d 1001, quoting *People v Buford*, 69 NY2d 290, 299), and we decline to disturb it. Under the circumstances presented, given the nature of the incident, the record support for the decision denying disqualification of the juror who was questioned, and the defense's "all or none" posture, we reject defendant's argument that he was deprived of a fair trial due to the lack of inquiry regarding the other two jurors.

Defendant's remaining contentions have been considered and are determined to be either unpreserved or lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.