■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WALLACE, Appellant. [742 NYS2d 400] —Lahtinen, J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered July 13, 2000, upon a verdict convicting defendant of five counts of the crime of rape in the first degree.

A Madison County grand jury returned an indictment against defendant charging him with five counts of rape in the first degree stemming from allegations that he had nonconsensual sexual intercourse with a then 92-year-old resident of a

nursing home located in Madison County on five occasions during the period from September 16, 1997 to October 12, 1997. After pretrial proceedings, including defendant's unsuccessful attempt to suppress his written statement in which he admitted having sexual intercourse with the victim on several occasions, defendant was convicted by a jury on all the counts in the indictment. He was thereafter sentenced to five prison terms of 12½ to 25 years, resulting in an aggregate prison term of 25 to 50 years.[1]

Defendant now appeals, contending that he was denied his right to a fair and impartial trial. He first argues that his right to a fair trial was usurped by inappropriate juror conduct during the trial by two sworn jurors, which County Court failed to correct. Second, he claims that he was deprived of a fair trial by County Court's allegedly deferential treatment afforded the victim and its questioning of her during her trial testimony.

Defendant first alleges that inappropriate conduct by juror Nos. 11 and 12 requires reversal of his judgment of conviction.[2] Defendant accuses juror No. 11 of inappropriate contact with a prosecution investigator, who had testified for the prosecution, which occurred outside the courthouse at the end of a day of deliberations. However, when questioned by County Court, in the presence of counsel and defendant, juror No. 11, whose contact with the prosecution witness consisted of her saying "good night" to him, unequivocally stated that the incident had no effect on her ability to be fair and impartial and did not influence her. After juror No. 11 was questioned, defense counsel indicated, "we're satisfied," and the subsequent questioning of the prosecution witness did not result in any further defense objection or a motion for a mistrial.[3]

Nor do we find juror No. 12's signed note, sent to County Court during the jury's deliberations which asked whether it was "too late to substitute myself with an alternate?," to be

---

1. Defendant's sentences for his conviction on counts 1 and 2 of the indictment were concurrent sentences; his sentences for counts 3, 4 and 5 were concurrent with one another, but were consecutive to the sentences for counts 1 and 2.

2. Because defense counsel, after consultation with defendant, accepted County Court's efforts to resolve any issues arising from the conduct of each of these jurors without maintaining an objection or requesting a mistrial, these issues were arguably not preserved for review (see, People v Persons, 245 AD2d 845, 846), but shall be addressed by this Court in exercising its interest of justice jurisdiction.

3. The investigator stated that he was unable to clearly hear the juror's remark as he was putting items in the trunk of his car, but did not respond to her.

"misconduct of a substantial nature" (CPL 270.35 [1]). When juror No. 12 was informed that substitution was not possible, he responded "okay," and defendant did not then object or move for a mistrial. The conduct of juror Nos. 11 and 12, as reflected in this record, provides no basis to conclude that either juror was incapable of rendering an impartial verdict which would be required before he or she could be discharged (*see, People v Taveras*, 224 AD2d 461, 462, *lv denied* 88 NY2d 970; *see also, People v Buford*, 69 NY2d 290, 298-299; *People v Kinred*, 276 AD2d 927, 930, *lv denied* 96 NY2d 802; *People v Rivera*, 270 AD2d 46, 47, *lv denied* 95 NY2d 838; *People v West*, 92 AD2d 620, 622 [Mahoney, P.J., dissenting], *revd on dissenting mem below* 62 NY2d 708).

Finally, we find that County Court's accommodation of the victim's physical disabilities amounted to no more than common courtesy and its questioning of the victim constituted a permissible clarification of issues and development of factual information for the factfinder (*see, People v Scott*, 252 AD2d 837, 838). Moreover, County Court's charge to the jury was fair and impartial and required the jury to exercise the same degree of scrutiny of the victim's testimony as that of any other witness. None of County Court's interactions with the victim deprived defendant of his right to a fair and impartial trial, which the record reveals he received.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.