(November 27, 2002)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. MASON, Appellant. [750 NYS2d 364] —Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 1, 1998, upon a verdict convicting defendant of the crime of aggravated unlicensed operation of a motor vehicle in the first degree and the traffic infraction of driving while ability impaired.

The facts are set forth more fully in our previous decision in which we reversed defendant's conviction and remitted the matter for a new trial (248 AD2d 751). Briefly stated, defendant was charged with driving while intoxicated, as a felony, and aggravated unlicensed operation of a motor vehicle. Defendant, who fled the accident scene on foot, asserted as his primary defense that he was not the operator of the motor vehicle, but was merely a passenger. After we remitted the case, a second trial resulted in a mistrial when the jury was unable to reach a unanimous verdict. A third trial ensued, culminating in defendant's conviction of driving while ability impaired (which had been charged as a lesser included offense of driving while intoxicated) and aggravated unlicensed operation of a motor vehicle in the first degree. He was sentenced to concurrent terms of incarceration of 1⅓ to 4 years on the aggravated unlicensed operation conviction and 15 days on the driving while ability impaired conviction. Defendant appeals.

Defendant initially argues that County Court erred in failing to discharge a sworn juror. Although no objection was made at trial and thus the issue was not preserved for review, we nevertheless exercise our interest of justice jurisdiction and address the issue (*see People v Wallace*, 293 AD2d 872, 873 n 2). A sworn juror must be disqualified if found "grossly unqualified to serve" (CPL 270.35 [1]), which occurs when the court is " 'convinced that the juror's knowledge will prevent [the juror]

from rendering an impartial verdict' " (*People v Johnson*, 87 NY2d 1006, 1008, quoting *People v Buford*, 69 NY2d 290, 299). After the trial had commenced, one of the jurors realized that he had read about the case in the newspaper and stated to County Court that, at the time he read about the case, he "probably inferred guilt." County Court asked the juror a series of questions probing whether he could disregard what he had read in the newspaper and base his opinion solely on the evidence at trial. The juror answered affirmatively. The court reiterated to him, and he acknowledged that he agreed, that defendant was presumed to be innocent and that the People had the burden of proof beyond a reasonable doubt. Defendant was present with his counsel during County Court's questioning of the juror and the court, outside the juror's presence, gave counsel ample opportunity to express concerns and to formulate additional questions for the court to ask the juror (*see People v Buford, supra* at 299). Upon review of the record, we are convinced that County Court properly determined that the juror was not grossly unqualified.

Next, defendant contends that driving while ability impaired should not have been charged as a lesser included offense of driving while intoxicated and that its inclusion resulted in a compromise verdict. He challenges only the second part of the two-prong test for a lesser included offense (*see People v Glover*, 57 NY2d 61, 63), asserting that no reasonable view of the evidence would support a finding that his condition was impaired but that he was not intoxicated. Defendant refused a chemical test and, thus, evidence about his condition was provided by descriptions given by police officers of his acts and appearance. There was ample room in the descriptions for a jury to reasonably conclude that defendant's condition was only impaired. For example, he was able to flee the accident site on foot, at night, in freshly fallen snow and to locate and enter his girlfriend's house. We are not persuaded that it was error to charge driving while ability impaired.

Nor are we persuaded by his argument that he was deprived of the effective assistance of counsel. To the extent that this argument is premised upon the failure of counsel to object to County Court's decision to permit the aforementioned sworn juror to remain on the jury panel, we have addressed the merits of that decision and found no error. Defendant further faults his counsel's decision not to call two witnesses who had previously testified that defendant was not driving the vehicle. Review of their testimony at the prior trial reveals that both admitted to being intoxicated at the relevant time. Further-

more, one witness had acknowledged that she lied to the police officer investigating the accident and had given inconsistent statements regarding who was driving the vehicle. The other witness had unexpectedly admitted to certain uncharged criminal conduct, which caused County Court to bring him into chambers and advise him of his constitutional rights. Under such circumstances, and since defense counsel had previously observed the demeanor of these witnesses, a reasonable strategic basis certainly could have existed for not calling the witnesses (*see People v Benevento*, 91 NY2d 708, 712-713).

Defendant further asserts that his sentence was harsh and excessive and that County Court's reference at sentencing to uncharged criminal conduct by defendant (i.e., using marihuana and possessing cocaine) was error. Defendant had admitted the uncharged conduct to a probation officer and where, as here, the information about the uncharged criminal conduct is reliable and accurate, it may be considered at sentencing (*see People v Gonzalez*, 242 AD2d 306, 306-307, *lv denied* 90 NY2d 1011). County Court additionally considered defendant's extensive criminal record and, in light of that record, the sentence imposed was not harsh or excessive.

Defendant's contention that the evidence at trial was legally insufficient has been considered and found meritless. Nor was the verdict contrary to the weight of the evidence.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).