OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
During jury deliberations one of the jurors told a court officer that “she didn’t understand what was going on,” and that “she didn’t understand the lawyers and she didn’t understand the judge.” The officer reported this to the court, who brought it to the attention of the parties. While the court and the parties were discussing what to do, the jury sent out a note stating that it had reached a verdict.
Without resolving the problem, the court took the verdict (by which the jury found defendant guilty) and then interviewed the juror in question, to determine whether she was “grossly unqualified” under GPL 270.35. The court’s inquiry, however, was both misdirected and incomplete, falling short of the “probing and tactful inquiry” that a court must undertake when it appears that a juror may be grossly unqualified (see People v Buford, 69 NY2d 290, 299 [1987]). The court did not ask the juror what she meant by her extraordinary statements to the court officer but asked her questions as to her age, address, citizenship and whether she was ever charged with a crime, along with a single question as to whether she was able to understand and communicate in English. Invoking the Judiciary Law § 510 standard, the court then concluded that she was qualified to serve.
The issue before the court was not whether the juror fulfilled the dictates of Judiciary Law § 510 with regard to general qualifications. Rather, the problem was whether this particular juror should have been entrusted with the responsibilities of fact finding, after she told the court officer that she “didn’t understand what was going on” and did not understand the lawyers or the judge. The court thus failed to make any inquiry — let alone a tactful, probing inquiry — to elicit what the juror meant by her statement. We caution that it would have been unnecessary and indeed inappropriate to subject the juror to questions relating to her thought processes, the delibera *624 tions or other matters that lie within the confines of the jury room.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur in memorandum. Order reversed, etc.