■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRET D. McCLEAN, Appellant. [767 NYS2d 697]—

Lahtinen, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered December 17, 2002, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Police Officer Andrew Costello stopped defendant after observing him speeding and making a turn without signaling in the Village of Chittenango, Madison County. Defendant was unable to produce a driver's license or registration and initially falsely identified himself. Costello observed numerous indicia of intoxication, including, among others, bloodshot eyes, slurred speech, a strong odor of alcohol and poor motor skills. According to Costello, defendant refused two or more requests to take a field sobriety test. He was thus arrested, advised of his *Miranda* rights and taken to the police station. The driving while intoxicated (hereinafter DWI) warnings were recited to defendant and, thereafter, he refused at least two requests to submit to a breathalyzer test.

Defendant was indicted for DWI as a class D felony and two counts of aggravated unlicensed operation of a motor vehicle in the first degree. Prior to trial, defendant stipulated that his two

prior DWI convictions, in 1996 and 1999, would be part of the People's case-in-chief, but would not be brought to the jury's attention. He also stipulated under the same conditions that at the time of his arrest, his license had been previously revoked. The jury ultimately convicted him of driving while intoxicated and, based on this verdict and defendant's prior stipulation, County Court further adjudged him to be guilty of aggravated unlicensed operation of a motor vehicle in the first degree. He was sentenced to concurrent prison terms of 2 to 6 years for DWI and 1 1/3 to 4 years for aggravated unlicensed operation of a motor vehicle. Defendant appeals.

Defendant argues that County Court violated CPL 260.30 and his due process rights by reading a redacted portion of the indictment to the jury following both parties' opening statements. Review of the record reveals that the People did not read the indictment during their opening statement because it referenced defendant's prior alcohol-related offenses and, pursuant to the stipulation of the parties, such information was not to be provided to the jury. Both parties agreed to permit County Court to read a redacted version of the indictment, and the court prefaced such reading by cautioning the jury as follows: "[T]his is not evidence of anything. This just simply tells you, tells [defendant], tells me what the charge is." Under such circumstances, this was a proper exercise of the court's authority to clarify and expedite the issues to be litigated, and the court's action neither conveyed an opinion about the merits of the case (*see People v Scott*, 252 AD2d 837, 838 [1998]) nor violated defendant's statutory or constitutional rights.

Defendant next asserts that County Court improperly commented upon the evidence in its charge to the jury because it stated that an inference could be drawn from defendant's "persistent" refusal to take a chemical test. It is the use of the word persistent that defendant argues constituted error. Initially, we note that no objection was made to the charge and, thus, this alleged error was not properly preserved for review (*see People v Vinogradov*, 294 AD2d 708, 710 [2002]). In any event, defendant's contention is unpersuasive. Although the testimony of the person riding in the car with defendant indicated that defendant refused a test only once at the scene, it is uncontested that he refused at least twice more at the police station after being advised of the DWI warnings. Furthermore, County Court explicitly instructed the jury on more than one occasion in the charge that the jury was the sole judge of the facts (*see People v Trimm*, 252 AD2d 673, 674 [1998], *lv denied* 92 NY2d 931 [1998]).

Defendant next argues that he did not receive the effective assistance of counsel. This argument is premised upon his counsel's failure to object to County Court's reading of the redacted indictment and the court's subsequent charge to the jury. As set forth herein, we have considered and found these arguments meritless. Upon a review of the record, we find that defendant received meaningful representation (*see People v Gallup*, 302 AD2d 681, 683 [2003]).

Finally, in light of defendant's two prior DWI convictions within the previous six years, we are not convinced that County Court abused its discretion in sentencing defendant, and we find no extraordinary circumstances warranting a modification of the sentence (*see People v Smith*, 301 AD2d 744, 745 [2003]).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.