[868 NE2d 185, 836 NYS2d 505]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN CASTILLO, Respondent.

Argued March 29, 2007; decided May 3, 2007

## APPEARANCES OF COUNSEL

*Robert M. Morgenthau, District Attorney*, New York City (*Michael S. Morgan* and *Morrie I. Kleinbart* of counsel), for appellant.

*Office of the Appellate Defender*, New York City (*Jonathan Marvinny, Richard M. Greenberg* and *Sara Gurwitch* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was indicted for various crimes, including criminal possession of a controlled substance in the first degree and two counts of robbery in the first degree under Penal Law § 160.15 (4), arising out of a robbery of a known drug dealer in Manhattan.

Penal Law § 160.15 provides that "[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime" commits one of the acts further specified in subdivisions (1) through (4). As relevant here, Penal Law § 160.15 (4) requires the "[d]isplay [of] what appears to be a . . . firearm."

Pursuant to a plea agreement, defendant pleaded guilty to the drug charge and robbery in the first degree under Penal Law § 160.15 (2)—not charged in the indictment—which requires that defendant forcibly steal property while "armed with a deadly weapon." His allocution made no mention of the display element of Penal Law § 160.15 (4).

Under CPL 220.10 (4), when an indictment charges two or more offenses in separate counts, defendant may plead guilty, with permission of the court and the People, to one or more of the offenses charged and/or lesser included offenses of any of the offenses charged. In *People v Johnson* (89 NY2d 905, 907 [1996]), we observed that the provisions of CPL article 220 are "in some respects . . . jurisdictional in nature because of constitutional implications" referring to article I, § 6 of the New York Constitution. We cautioned that the limited excep-

tions to CPL article 220 "should not be extended . . . to a plea to a crime . . . of equal or higher grade or degree to the crimes charged" (*id.* at 908). We reaffirmed this principle in *People v Keizer* (100 NY2d 114, 119 [2003]), stating that "a jurisdictional defect was implicated when the defendant pleaded guilty to charges equal to or higher than those for which he was indicted" (*see also People v Martinez*, 285 AD2d 387 [1st Dept 2001]).

As conceded by the People, Penal Law § 160.15 (2) is not a lesser included offense of Penal Law § 160.15 (4), neither by statute nor by the enumerated scenarios of CPL 220.20 (*see also* CPL 1.20 [37]; CPL 220.10). Although the subdivisions of Penal Law § 160.15 share the common element of forcible stealing, each encompasses a distinct additional element. It is irrelevant that underlying facts may exist to support more than one subdivision, as only one was charged in the indictment.

As defendant was not charged with robbery under Penal Law § 160.15 (2) and it is not a lesser included offense of Penal Law § 160.15 (4), the plea was jurisdictionally defective and properly vacated.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.