■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SHAW, Appellant. [841 NYS2d 304]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 3, 2005, convicting defendant, after a jury trial, of rape in the first degree and burglary in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 20 to 40 years, unanimously reversed, on the law, and the matter remanded for a new trial.

When defense counsel advised the court that a juror had inappropriately approached him and made comments indicating a possible bias against the defense, the court should have granted counsel's request to make an inquiry of the juror with respect to her qualification (*see* CPL 270.35; *People v Buford*, 69 NY2d 290, 299 [1987]). Under the circumstances presented, that error is not subject to harmless error analysis (*see People v Dotson*, 248 AD2d 1004 [1998], *lv denied* 92 NY2d 851 [1998]; *see also People v Anderson*, 70 NY2d 729, 730 [1987]). Since a new trial is required based on the foregoing, we need not reach defendant's remaining arguments, including those contained in his pro se supplemental brief. Concur—Sullivan, J.P., Buckley, Gonzalez, Sweeny and Kavanagh, JJ.