THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDULE GALE, Appellant. [912 NYS2d 305]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered October 18, 2007, convicting him of criminal possession of a weapon in the third degree, and violation of Vehicle and Traffic Law § 1227 (1), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On the second day of deliberations, the jury informed the Supreme Court that it could not agree on a verdict. The Supreme Court responded by instructing the jury that it should continue to deliberate on the two counts upon which it was

instructed, and that a partial verdict would be acceptable. The jury found the defendant guilty of violating Vehicle and Traffic Law § 1227 (1), and continued deliberations with regard to the count of criminal possession of a weapon in the third degree. On the morning of the fourth day of deliberations, after the jury reported that it was deadlocked, the Supreme Court delivered an *Allen* charge (*see Allen v United States,* 164 US 492 [1896]). That afternoon, the Supreme Court received a note from the jury with a request that it not be read in front of the defendant. The note indicated that 11 jurors had decided on a verdict and the one undecided juror had just told the others that he was taking the opposite stance because he feared retribution. The juror in question was worried because he lived near the crime scene, had seen the defendant in the neighborhood, and had been threatened by others in the neighborhood in connection with an unrelated event. Due to the circumstances under which the note was drafted, the Supreme Court correctly surmised that the note concerned juror No. 1, the foreperson.

The Supreme Court suggested that a curative instruction should be given to the jury, and indicated that it did not want to question the subject juror directly because it did not want to conduct such an inquiry in front of the defendant. Defense counsel refused to waive the defendant's presence at an inquiry of the juror. The Supreme Court denied the defendant's request for a mistrial, and instructed the jury, inter alia, that its verdict had to be unanimous, and must be based on the evidence at trial, rather than fear, favor, passion, prejudice, or sympathy. When the jury resumed deliberations, the defendant explicitly requested that juror No. 1 be questioned regarding the jury note. The Supreme Court denied the request, indicating that it would consider questioning the juror after the verdict. After the verdict was delivered, and the defendant was found guilty of criminal possession of a weapon in the third degree, the Supreme Court questioned juror No. 1 in the jury room off the record, in the presence of the rest of the jury. The Supreme Court summarized the conversation on the record, and indicated that it was confident that the juror had rendered an impartial verdict. The defendant contends that the Supreme Court's failure to conduct an inquiry of juror No. 1 on the record, before the verdict was rendered, constituted reversible error. We agree.

CPL 270.35 (1) provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case . . . the court must discharge such juror." The "grossly

unqualified" standard "is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [1987] [internal quotation marks omitted]). In making such a determination, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant" (*id*. at 299; *see People v Rodriguez*, 71 NY2d 214, 219 [1988]; *People v Levy*, 213 AD2d 427, 427-428 [1995]; *People v Thomas*, 196 AD2d 462, 464 [1993]). "[T]his proceeding should be a 'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez*, 71 NY2d at 219, quoting *People v Buford*, 69 NY2d at 299).

In this case, although the Supreme Court acknowledged that juror No. 1 should be questioned, and the defendant requested an inquiry, the Supreme Court failed to follow the guidelines set forth in *People v Buford* (69 NY2d at 299) to determine whether the juror was "grossly unqualified." Furthermore, contrary to the People's contention, the Supreme Court's post-verdict, off-the-record questioning of juror No. 1 did not follow the *Buford* guidelines or cure its initial error. While the Supreme Court summarized its off-the-record inquiry with juror No. 1 in open court, on this record it cannot be determined whether its inquiry was probing and tactful (*see People v Rodriguez*, 71 NY2d at 219). In addition, since the juror was questioned after the verdict was rendered, while his fellow jurors were present, there is no guarantee that the juror was impartial during deliberations or that his answers to the Supreme Court's post-verdict queries were not influenced by the presence of his peers (*cf. People v Arena*, 70 AD3d 1044 [2010]). Therefore, the judgment must be reversed, and a new trial ordered. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.