■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VENTURA, Appellant. [978 NYS2d 178]—

During a recess after defendant's summation, the court advised counsel that one of the jurors had spoken to someone in the clerk's office because there was something the juror wanted to discuss. The court sent a court officer to find out the nature of the juror's concern. The court officer returned and had an off the record conversation with the judge, who then advised counsel that the juror had been invited to a breakfast at which the New York County District Attorney was a speaker. The court explained that the court officer had confirmed that the juror did not have a personal relationship with Mr. Vance and that the juror understood "she can't go because she's on this jury." The court denied defense counsel's request to make an inquiry of the juror. In fact, the record fails to establish which juror had the conversation with the court officer.[1]

On appeal, defendant admits that the court properly delegated to the court officer the task of finding out the nature of the juror's concern. However, defendant argues that the court officer went beyond this ministerial role and usurped a judicial function by inquiring into the nature of the juror's personal relationship with the District Attorney. We need not reach this issue because, as defendant correctly argues, the record here provides an independent ground for reversal.

In *People v Buford* (69 NY2d 290 [1987]), the Court of Appeals set forth the basic framework to be followed when the trial court is considering disqualifying a juror because of conduct that occurs during the trial. As the Court noted, the court should conduct an inquiry of the juror, in which counsel should be permitted to participate if they desire, and evaluate the nature and importance of the information and its impact on the case. Although the Court of Appeals acknowledged that "[a]n in camera inquiry may not be necessary in the unusual case involving an obviously trivial matter where the court, the attorneys, and defendant all agree that there is no possibility that the juror's impartiality could be affected and that there is no reason to question the juror," here defense counsel wanted the juror questioned (*id.* at 299 n 4). We conclude that there should have

---

1. The trial judge indicated he did not know which juror was involved.

been an inquiry, in which defense counsel could participate, because the disclosure indicated a possible issue related to that juror's continued ability to serve in an impartial manner (*see People v Shaw*, 43 AD3d 685 [1st Dept 2007]). Because the court did not itself conduct any inquiry, and relied only on the sparse information gathered by the court officer, many questions are unresolved. Thus, the trial court's decision that the juror was not grossly unqualified rests on speculation (*see People v Dotson*, 248 AD2d 1004 [4th Dept 1998], *lv denied* 92 NY2d 851 [1998]).

For example, we do not know why the juror felt this was important enough to bring it to the court's attention. Here, the juror's disclosure occurred immediately after the defense summation in which, among other arguments, defense counsel contended that the case had been overcharged by the District Attorney, mentioning Cyrus Vance by name. We do not know if there was a connection, in the juror's mind, between the summation remarks and the breakfast, nor do we know why the juror decided that it was not possible to attend the breakfast because "she's on the jury." It is unclear whether the juror came to this conclusion independent of anything the court officer said. An inquiry by defense counsel, or the trial court, would have clarified these questions.

Although the trial court stated this is "not a two person breakfast," the court came to this conclusion because the officer told the court it was a breakfast run by an organization and not because of any information that was given directly to the court by the juror. We do not know anything about the nature of the organization. As defense counsel pointed out, we do not even know if this was a breakfast for people who were supporters of the District Attorney. Nor do we know whether the breakfast was being sponsored by some law enforcement organization.

The People argue that no further inquiry was necessary because the court officer had "confirmed" that the juror did not have a personal relationship with the District Attorney. However, defense counsel was entitled to probe this and the court should have obtained this information from the juror directly, rather than relying on the hearsay statement of the officer (*see e.g. People v Sanchez*, 99 NY2d 622 [2003]). Although the trial court based its finding, in part, on the fact that none of the jurors indicated in voir dire that they could not be fair and impartial, the problem here does not involve a juror's failure to disclose information in voir dire.[2] Rather, the juror brought the issue to the court's attention towards the end of the trial. In the

---

2. The People's brief incorrectly states that the juror's statement that she did not know the District Attorney "paralleled" the voir dire statements that

absence of an inquiry, or any information about which juror had the concern, we do not know when the breakfast invitation arrived or whether it impacted the juror's ability to assess the case in an evenhanded manner. As this Court concluded in *People v McClenton* (213 AD2d 1, 6 [1st Dept 1995], *appeal dismissed* 88 NY2d 872 [1996]), it might have been that removal of the juror would have been unnecessary if a specific inquiry had been made by the court or counsel, but in the absence of such an inquiry, we cannot be certain that the defendant was fairly convicted.

Contrary to the People's claim, this issue is preserved because defense counsel asked which juror was involved and also asked to make an inquiry. Once the court rejected counsel's requests and proceeded to find, without a further inquiry, that the juror could be fair and impartial, the issue was resolved adverse to defendant and preservation was adequate (*see People v Reyes*, 76 AD3d 864 [1st Dept 2010], *lv denied* 17 NY3d 821 [2011]). Contrary to the People's suggestion on appeal, counsel did not have to "reframe" the argument once the court officer indicated the juror had no personal relationship with the District Attorney (*see People v Mezon*, 80 NY2d 155, 161 [1992] ["The law does not require litigants to make repeated pointless protests after the court has made its position clear"]). The gravamen of defense counsel's request was that he wanted to make an inquiry, something that the court made perfectly clear it was not going to allow. Furthermore, this error is not subject to harmless error analysis (*see Shaw*, 43 AD3d at 685).

*People v Mejias* (21 NY3d 73 [2013]), cited by the People, is distinguishable. In that case, the court took corrective action in response to a juror note that might have suggested premature deliberation by giving an additional instruction to the jurors. The court also questioned the jury, as a whole, whether its members had engaged in premature deliberations. Here, there was no written note and the court did not take any corrective action, but merely relied on the information conveyed by the court officer.

Also distinguishable is *People v Rodriguez* (100 NY2d 30 [2003]), which involved a juror's failure to disclose information during voir dire. In that case, the court, in response to the defendant's CPL 330.30 motion, held a hearing and heard testimony about the purported friendship between the assistant district attorney, who was not prosecuting the case, and the

---

she had no personal or business relationship with any prosecutors. However, since the record indicates the court did not disclose the identity of the juror, it is impossible to confirm whether the juror was being truthful in voir dire.

juror. Here, the record before the trial court was insufficient and thus we cannot, as the People argue, give deference to the court's conclusions. Concur—Friedman, J.P., Andrias, Richter, Manzanet-Daniels and Feinman, JJ.

