■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWAYNE HENRY, Appellant. [988 NYS2d 686]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered July 12, 2012, as amended September 21, 2012, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is reversed, on the law, and a new trial is ordered.

During a recess in the trial testimony of one of three police witnesses, defense counsel informed the court that the defendant's wife had a conversation with a juror who allegedly told her, "the evidence speaks for itself or they got themsel[ves] into this situation." Although defense counsel initially told the court that he did not know which juror the defendant's wife had spoken to, he then suggested that the court speak to juror number seven, but could not state why he believed that was the juror in question. However, the court did not speak with juror number seven or individually with any of the other jurors. The court stated that it did not want to interview each juror individually and instead, after the witness's testimony concluded, it reiterated to the jurors as a group in the courtroom to keep an open mind and inquired whether any of them had changed their mind as to their ability to give the defendant and the codefendant a fair trial. When no juror responded affirmatively, the court recessed the trial for the weekend and took no further action as to that issue.

Thereafter, during deliberations, counsel for the defendant and the codefendant each moved for a mistrial on the grounds, inter alia, that, at the end of the court proceedings the day before, juror number seven had initiated contact and had a conversation with the mother of the codefendant's daughter and, the following day, appeared to be flirting with her in the elevator. Defense counsel thereafter indicated that the defendant's wife had informed him that juror number seven likewise

had engaged in "identical" behavior with her. The court denied each mistrial motion and did not inquire of juror number seven about his ability to be impartial or with respect to the alleged conduct. Instead, the court simply advised him individually to avoid speaking with anyone in the building that he did not know.

The defendant contends that, in light of the conduct alleged, the Supreme Court should have made an inquiry of juror number seven, during which the defendant should have been allowed to participate, to determine whether the juror was grossly unqualified to continue to serve pursuant to CPL 270.35 (1). We agree.

The Court of Appeals, in *People v Buford* (69 NY2d 290, 299 [1987]), set forth the basic framework to be followed when conduct occurs during a trial that may be the basis for disqualifying a juror. The court should conduct an in camera inquiry of the juror, in which counsel should be permitted to participate if they desire, and evaluate the nature and importance of the information and its impact on the case (*see also People v Ventura*, 113 AD3d 443, 444 [2014]). In addition, the "trial court's reasons for its ruling should be placed on the record . . . [and] the court may not speculate as to possible partiality of the juror" (*People v Buford*, 69 NY2d at 299; *see People v Rodriguez*, 71 NY2d 214, 219-220 [1988]). Although the Court of Appeals acknowledged that an "in camera inquiry may not be necessary in the unusual case . . . where the court, the attorneys, and defendant all agree that there is no possibility that the juror's impartiality could be affected and that there is no reason to question the juror" (*People v Buford*, 69 NY2d at 299 n 4), here, defense counsel wanted the juror to be questioned.

The Supreme Court erred in failing to conduct an in camera "probing and tactful inquiry" (*id.* at 299) of juror number seven, during the trial, when it was alleged that he had stated "the evidence speaks for itself or they got themsel[ves] into this situation" (*see People v Ventura*, 113 AD3d at 444-446; *People v Gale*, 79 AD3d 903, 905 [2010]; *People v Porter*, 77 AD3d 771, 772 [2010]), and subsequently, after deliberations had commenced, when it was alleged that juror number seven had engaged in flirtatious conduct with someone connected to the defendant as well as someone connected to the codefendant (*see People v Ventura*, 113 AD3d at 444-445; *People v Gale*, 79 AD3d at 905). Since the court's general inquiry of the jurors with respect to the first incident failed to meet the requirements of *Buford* (*see People v Gale*, 79 AD3d at 905), and no inquiry at all was made with respect to the later incidents (*see People v Ventura*, 113 AD3d at 445-446), it is unknown whether the juror held an

opinion that affected his ability to be impartial (*see People v Gale,* 79 AD3d at 905; *People v Porter,* 77 AD3d at 772). Such an error is not subject to harmless error analysis and, thus, the conviction must be reversed (*see People v Anderson,* 70 NY2d 729, 730 [1987]; *People v Ventura,* 113 AD3d at 445-446).

Contrary to the People's contention, this issue was preserved for appellate review by defense counsel's request that the Supreme Court make inquiry of juror number seven after the juror allegedly made the statement to the defendant's wife, and by the mistrial motion after that same juror allegedly engaged in flirtatious conduct. When the court rejected defense counsel's request for an inquiry, and thereafter denied the mistrial motion, and found, in effect, without any inquiry, that the juror could be fair and impartial, the issue was resolved adversely to the defendant and preservation was adequate (*see People v Feingold,* 7 NY3d 288, 290 [2006]; *People v Ventura,* 113 AD3d at 446; *see also People v Gibian,* 76 AD3d 583, 587 [2010]).

The defendant's contention that the indictment was multiplicitous because he was charged with two counts of robbery in the first degree arising out of a single incident is unpreserved for appellate review (*see People v Cruz,* 96 NY2d 857, 858 [2001]) and, in any event, without merit. "Multiplicity does not exist where 'each count requires proof of an additional fact that the other does not' " (*People v Saunders,* 290 AD2d 461, 463 [2002], quoting *People v Kindlon,* 217 AD2d 793, 794-795 [1995]). Separate counts are not multiplicitous where "a conviction on one count would not be inconsistent with acquittal on the other" (*People v Saunders,* 290 AD2d at 463). Here, two weapons were involved and the defendant was charged with robbery in the first degree under subdivisions (2) and (4) of Penal Law § 160.15, neither of which is a lesser included offense of the other, and each of which encompasses a distinct individual element (*see People v Castillo,* 8 NY3d 959, 961 [2007]).

Furthermore, the defendant's contention that he was deprived of the effective assistance of counsel also is without merit (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Stultz,* 2 NY3d 277, 287 [2004]), as is his contention that the exclusion of his wife and child from the courtroom deprived him of his right to a public trial (*see People v Echevarria,* 21 NY3d 1, 11 [2013]; *People v Cosentino,* 198 AD2d 294, 295 [1993]).

In light of our determination, we need not address the defendant's remaining contentions. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.