# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

637
KA 14-00570
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLARD BAILEY, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LEONARD & CURLEY, PLLC, ROME (MARK C. CURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), dated January 14, 2014. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment of County Court (Donalty, J.) convicting him upon a jury verdict of criminal sexual act in the first degree (Penal Law § 130.50 [2]). In appeal No. 2, he appeals, with permission of this Court, from an order of Supreme Court (Donalty, A.J.) denying his motion to vacate that judgment pursuant to CPL 440.10 (1) (g). Defendant failed to preserve for our review his contentions in appeal No. 1, i.e., that the prosecutors violated their *Brady* obligation concerning an agreement they made with a codefendant in return for providing testimony against defendant, that the court improperly characterized the codefendant's testimony and gave incorrect jury instructions regarding that testimony, that the court impermissibly restricted the scope of voir dire questioning, and that the court improperly permitted a sworn juror to remain on the jury despite the juror's lack of capacity to decide the issues fairly. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

In appeal No. 2, defendant contends that the court erred in denying his CPL article 440 motion without a hearing. We agree. Defendant moved to vacate the judgment on two grounds, neither of which may be decided without a hearing. First, he contended that the

People violated their *Brady* obligation because they failed to disclose that they made a specific plea agreement with the codefendant at the start of the proceedings, contingent upon the codefendant testifying against defendant. Defendant contended that the People effectuated that agreement by, among other things, obtaining an indictment charging the codefendant with a lower level crime than the class B violent felony that was lodged against defendant, to avoid the plea bargaining restrictions in CPL 220.10 (5) (d) (ii), and by agreeing that the codefendant could withdraw his plea to the lower level felony and plead guilty to a misdemeanor if he cooperated against defendant. Defendant submitted evidence in support of his contentions, including transcripts of the prosecutor's statements in the codefendant's case regarding the agreement, and those transcripts also established that the prosecutor had discussed the agreement with the victim before it was implemented.

In opposition to the motion, the trial assistant prosecutor denied that the People made any promises to the codefendant, and we note that the People maintained that position throughout the trial proceedings, on summation, and in opposition to defendant's CPL article 330 and 440 motions. Indeed, in their brief on appeal, the People contend that "[n]o promises were made to [the codefendant] by the prosecution." "A prosecutor's duty of disclosing exculpatory material extends to disclosure of evidence impeaching the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence" (*People v Baxley*, 84 NY2d 208, 213, *rearg dismissed* 86 NY2d 886), and the codefendant's testimony here clearly demonstrates that he was such a witness. Therefore, as the Court of Appeals stated in a similar situation, "[i]t is worth noting . . . that no prosecutor with knowledge of the negotiations . . . has yet made a full disclosure to any court" regarding the promises that were made to the codefendant in exchange for his cooperation against defendant (*People v Steadman*, 82 NY2d 1, 6). We conclude that defendant's contentions in support of his motion, together with the supporting evidence that he submitted in conjunction with his motion, raise a question of fact regarding whether promises were made to the codefendant in return for his testimony against defendant, beginning before the matter was presented to the grand jury and continuing throughout the trial and thereafter, and thus whether defendant may be entitled to a new trial based on the failure to disclose material that affects the credibility of a key prosecution witness (*see People v Harris*, 35 AD3d 1197, 1197). Contrary to the People's contention, the record does not permit adequate review of those issues, and we agree with defendant that the court erred in denying the motion without a hearing on the ground that "sufficient facts appear on the record with respect to the ground[s] or issue[s] raised upon the motion to permit adequate review thereof upon [direct] appeal" (CPL 440.10 [2] [b]).

The second ground advanced by defendant in support of his CPL article 440 motion was that a juror lacked the capacity to serve on the jury, and that the juror had misrepresented his employment status in response to questioning by the court. Defendant submitted some evidence establishing that the prospective juror may be developmentally disabled and that he may have misrepresented his prior

and current employment, but defendant's investigator was unable to obtain more information without judicial subpoenas that the court declined to provide.  Inasmuch as defendant submitted evidence that called into question "whether this particular juror should have been entrusted with the responsibilities of fact finding [because the juror] did not understand the lawyers or the judge" (*People v Sanchez*, 99 NY2d 622, 623), the court further erred in denying the motion on the ground that the issue could be decided on direct appeal.

We therefore reverse the order in appeal No. 2 and remit the matter to Supreme Court to decide defendant's motion following a hearing on the issues raised therein, including the details of any promises that were made to the codefendant and whether the People breached their *Brady* obligation to disclose those promises, and whether the juror misrepresented his employment and lacked the capacity to sit on the jury.

We do not consider the People's further contentions that the court should have denied the motion pursuant to CPL 440.30 (4) (b) and (d).  The court did not decide the motion adversely to defendant on those grounds, and thus we may not affirm the order in appeal No. 2 on those grounds (*see People v Concepcion*, 17 NY3d 192, 197-198; *People v LaFontaine*, 92 NY2d 470, 473-474, *rearg denied* 93 NY2d 849).

Entered:  June 12, 2015                     Frances E. Cafarell
                                            Clerk of the Court