People v Ayala (2019 NY Slip Op 03798)





People v Ayala


2019 NY Slip Op 03798


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2005-00576
 (Ind. No. 8275/03)

[*1]The People of the State of New York, respondent,
v
Benjamin Ayala, appellant.


Mark Diamond, New York, NY, for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, Dmitriy Povazhuk, and Jill Oziemblewski of counsel), for respondent.
Paul Skip Laisure, New York, NY, former appellate counsel.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 23, 2007 (People v Ayala, 36 AD3d 827), affirming a judgment of the Supreme Court, Kings County, rendered January 11, 2005.
ORDERED that the application is denied.
The appellant was convicted of three counts of burglary in the first degree. Contrary to the appellant's contention, the counts charging him with burglary in the first degree were not multiplicitous (see People v Alonzo, 16 NY3d 267, 269; People v Campbell, 120 AD3d 827). The first and third counts of the indictment were not multiplicitous because they involved separate subsections of the relevant burglary statute (Penal Law § 140.30[2], [3]) and, furthermore, required proof of separate and distinct conduct involving different victims. The separate subsections of the burglary statutes that provide different ways in which burglary may be committed constitute separate offenses (see CPL 200.30[2]; People v Griswold, 174 AD2d 1038; People v Davis, 165 AD2d 610).
The first and second counts of the indictment both charged the appellant under Penal Law § 140.30(2) and resulted in convictions of the same subsection of the burglary statute. Nevertheless, the counts were not multiplicitous, since they involved physical injury to different victims with different methods of injury, occurring at different times and places during the criminal transaction (see People v Ramirez, 89 NY2d 444; cf. People v Rodrigues, 74 AD3d 1818; People v Aarons, 296 AD2d 508). Multiplicity does not exist when each count requires proof of an additional fact that the other does not (see People v Henry, 119 AD3d 607; People v Olson, 116 AD3d 427), and a conviction of one count would not have been inconsistent with acquittal on the other (see People v Henry, 119 AD3d 607).
As the claim of multiplicity has no merit, trial counsel was not ineffective for failing to raise it (see People v McLoyd, 34 AD3d 498), and the appellant has failed to establish that he was denied the effective assistance of appellate counsel (see Jones v Barnes, 463 US 745; People v Stultz, [*2]2 NY3d 277).
The appellant's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court