People v Moody (2021 NY Slip Op 07559)





People v Moody


2021 NY Slip Op 07559


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2016-06871
 (Ind. No. 257/13)

[*1]The People of the State of New York, respondent,
v
Quixotay Moody, appellant.


Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Alexander Fumelli, and Thomas B. Litsky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered May 24, 2016, as amended June 1, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is reversed, on the law, and a new trial is ordered.
During deliberations, the foreperson of the jury sent the Supreme Court a note advising that the jury had reached a verdict on one of the counts submitted to the jury, but was unable to come to a consensus on the remaining counts. The court instructed the jury regarding its duty to deliberate and reminded the jurors that they could see exhibits and have testimony read back to them. The court directed the jurors to break for lunch, and not to resume deliberations until all of the jurors returned from the lunch break.
After the lunch break, the Supreme Court received a note from juror number 11, in which the juror advised that she suffered from anxiety attacks, had been experiencing heart palpitations and feeling "distraught during this process," and expressed her desire to cease serving as a juror. Despite a suggestion made by the defendant's counsel that the court make an inquiry of the juror, the court determined to accept a partial verdict from the jury without doing so, based upon its surmise that the jury had reached a partial verdict before the juror became unable to continue to serve.
"The Court of Appeals, in People v Buford (69 NY2d 290, 299), set forth the basic framework to be followed when conduct occurs during a trial that may be the basis for disqualifying a juror. The court should conduct an in camera inquiry of the juror, in which counsel should be permitted to participate if they desire, and evaluate the nature and importance of the information and its impact on the case. In addition, the trial court's reasons for its ruling should be placed on the record . . . [and] the court may not speculate as to possible partiality of the juror" (People v Henry, 119 AD3d 607, 608 [citation and internal quotation marks omitted]; see People v Harris, 99 NY2d 202, 212-213). "Although the Court of Appeals acknowledged that an 'in camera inquiry may not be necessary in the unusual case . . . where the court, the attorneys, and defendant all agree that there [*2]is no possibility that the juror's impartiality could be affected and that there is no reason to question the juror,' here, defense counsel wanted the juror to be questioned" (People v Henry, 119 AD3d at 608 [citation omitted], quoting People v Buford, 69 NY2d at 299 n 4).
The Supreme Court erred in failing to conduct an in camera "probing and tactful inquiry" (People v Buford, 69 NY2d at 299) of juror number 11 before accepting the partial verdict (see People v Johnson, 87 NY2d 1006, 1008; cf. Matter of Robles v Bamberger, 219 AD2d 243, 245-246). As a result of the court's failure to make any inquiry of the juror, it is unknown whether the juror became unable to serve before, or after, the jury had reportedly reached a verdict on one of the counts (see People v Johnson, 87 NY2d at 1008; People v Henry, 119 AD3d at 608-609; cf. Matter of Robles v Bamberger, 219 AD2d at 245-246).
In light of our determination, we need not address the defendant's remaining contentions.
RIVERA, J.P., MALTESE, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court