■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 24, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the

second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the weight of the evidence proved that his attorney requested that the police stop questioning him before he confessed and accordingly that the hearing court should have suppressed his statements. We disagree.

It is settled that issues of credibility are primarily for the hearing court and that its findings should be upheld unless they are clearly erroneous *(People v Lewis,* 170 AD2d 538; *People v Armstead,* 98 AD2d 726). At the *Huntley* hearing, it was established that the defendant made his inculpatory statements to the police shortly before 3:30 P.M. on January 27, 1987. The attorney retained by the defendant's mother testified that prior to 1:30 P.M. on that day, he had telephoned a police officer at the precinct where the defendant's statements were taken and requested that all questioning of the defendant stop. The attorney conceded, however, that he had kept no record of the call, did not record the name of the officer with whom he spoke, and was not certain of the officer's rank but thought that he was the desk sergeant. The desk sergeant on duty at the time that the defendant's attorney purportedly made the telephone call testified that he received no such call from the attorney and that no entry of such a call was included in the police log for that day. Under these facts, where the attorney neither kept a record of the call nor obtained the identity of the individual with whom he spoke, there exists no basis for concluding that the determination of the hearing court was clearly erroneous.

The defendant further contends that the trial court erred in failing to declare a mistrial when one of the People's witnesses, a police polygraph examiner, testified that she had met with the defendant in the "polygraph room" of the police academy. While we agree that the question which elicited the objectionable response was gratuitous, we find speculative the defendant's contention that the testimony communicated to the jury that the defendant had failed a polygraph examination. In any event, we are satisfied that the prompt and extensive curative instructions issued by the court to the jury dispelled any prejudice that might have otherwise resulted from the comment *(see, People v Adeline,* 122 AD2d 61).

The court's charge, taken as a whole, conveyed the correct rules for the jury to apply in arriving at its verdict *(see, People v Brown,* 141 AD2d 755).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.