■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS JACKSON, Appellant. [604 NYS2d 144] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered February 19, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial when one of the prosecution witnesses stated that he had taken a polygraph test. We disagree. The court gave an adequate curative instruction, directing the jury to disregard the statement, not to speculate about it or the results, and not to draw any inferences or conclusions from the statement. The court also ordered the statement stricken from the record. Under these circumstances, we find that the court's prompt curative instruction eliminated any prejudice to the defendant, and reversal is unwarranted *(see, People v Young,* 186 AD2d 699; *People v Adeline,* 122 AD2d 61; *People v Vredenburg,* 110 AD2d 730).

We also find no improvident exercise of the court's discretion in its *Sandoval* ruling. The court's preclusion of the mention of the use of a gun in either of the defendant's prior convictions, among other limitations, demonstrated the court's balancing of the prejudicial effect against the probative worth of the prior convictions *(see, People v Sandoval,* 34 NY2d 371; *People v Dubose,* 147 AD2d 585).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.