■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD HOLLAND, Appellant. [612 NYS2d 46] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered August 8, 1991, convicting him of murder in the second degree, robbery in the second degree, and unauthorized use of a vehicle in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant, who was 16 years old at the time of his arrest, contends that all the evidence obtained by the police, namely, his oral, written, and videotaped confessions, as well as physical evidence, should have been suppressed because he was kept isolated from his family and was thus denied his right to counsel. We find insufficient evidence in the record to

support this claim *(cf., People v Townsend,* 33 NY2d 37; *People v Pica,* 159 AD2d 524). Furthermore, to the extent that there is conflicting evidence as to whether the defendant ever asked to make a telephone call or requested an attorney during the course of his interrogation, we defer to the hearing court's determination that there was no credible evidence of such requests having been made *(see, People v Prochilo,* 41 NY2d 759). This finding is supported by the record and is not "clearly erroneous" *(see, People v Young,* 186 AD2d 699, 700).

We agree with the defendant that on two separate occasions, the court erroneously permitted the introduction of inadmissible hearsay. We find, however, that the errors were harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

The sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.