◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY GRACE, Appellant. [662 NYS2d 842] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered November 27, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in declining to dismiss as "grossly unqualified to serve" (CPL 270.35 [1]) a juror who, after having gone through the full trial and approximately two hours of deliberations, informed the

court that she was unable to continue deliberating because she had recently found out that a friend had been diagnosed with a deadly illness. A juror is grossly unqualified " 'only "when it becomes obvious that [the] particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" ' " (*People v Rodriguez,* 71 NY2d 214, 219, quoting *People v Buford,* 69 NY2d 290, 298). Here, the juror never indicated that she possessed any bias towards the defendant, and there was no other reason why the juror could not be impartial. Therefore, the court found, and we agree, that the juror's state of mind would not have prevented her from rendering an impartial verdict (*see, People v Buford, supra; People v Allen,* 163 AD2d 396). The defendant's contention that the juror was unable to continue her service by reason of her friend's illness is equally unavailing (*see, People v Page,* 72 NY2d 69).

We reject the defendant's contention that the sentence imposed, which was close to the minimum permissible sentence, was harsh or excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.