■ In the Matter of LAWRENCE MIKEL, Petitioner, v DONALD J. MARK, as Supreme Court Justice of Monroe County, et al., Respondents. [672 NYS2d 161] —Petition unanimously dismissed without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking a writ of prohibition barring his retrial on the ground of double jeopardy. He contends that Supreme Court erred in dismissing a sworn juror during deliberations and declaring a mistrial and thus that he cannot be retried. We disagree. Pursuant to CPL 270.35 (1), if the court finds that a sworn juror is "grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature," the court must discharge that juror and replace the juror with an alternate juror, if one is available. If no alternate juror is available, the court must declare a mistrial (see, CPL 270.35 [1]; 280.10 [3]). The record establishes that a sworn juror was properly discharged because she failed to answer questions truthfully during voir dire and ignored the instructions of the court (see, People v Robertson, 217 AD2d 989, 990, lv denied 86 NY2d 846; People v Cannady, 138 AD2d 616, 617, lv denied 71 NY2d 1024). Because no alternate juror was available, the court was required to declare a mistrial. Thus, petitioner's retrial is not barred by double jeopardy (see, Matter of Bell v Sherman, 174 AD2d 738, 739). (Original Proceeding Pursuant to CPLR art 78.) Present—Pine, J. P., Lawton, Wisner, Balio and Boehm, JJ.