■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM SMITH, Appellant. [690 NYS2d 6] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered August 1, 1996, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 10 to 20 years, unanimously affirmed.

The court's direction that defendant if he chose to testify, was to do so while awaiting the afternoon arrival of defense witnesses was a proper exercise of discretion under all the circumstances (see, People v Smith, 166 AD2d 385, affd 79 NY2d 779). The court exercised its power to control the flow of the proceedings in the interest of preventing the morning session of the trial from being wasted, and defendant's decision to testify was made with the assistance of counsel (cf., Brooks v Tennessee, 406 US 605). Furthermore, we find that the court's ruling could not have caused defendant any actual prejudice.

The court properly exercised its discretion in determining not to submit to the jury the count of the indictment charging assault in the first degree, a non-inclusory concurrent count (see, CPL 300.40 [4]; Penal Law § 70.25 [2]) to avoid distracting

the jury with the issue of the extent of the complainant's injuries in a case turning on identity. We note that defendant did not request submission of any lesser included offenses under the attempted murder count, and that the absence of the assault count could not have caused any prejudice.

The court's supplemental instruction on the elements of attempted murder, considered as a whole and in light of the entire trial including the court's main charge, could not have misled the jury to believe that the central issue of identity had disappeared from the case. Concur—Ellerin, P. J., Rosenberger, Andrias, Saxe and Friedman, JJ.