THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHMEL WILLIAMS, Appellant. [708 NYS2d 888] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 21, 1998, convicting him of manslaughter in the first degree and assault in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record does not support his claim that a deliberating juror concealed his place of employment during voir dire. Rather, no one asked the then-prospective juror during voir dire where he worked. The court therefore properly determined that the juror was not grossly unqualified (*see*, CPL 270.35; *People v Owens*, 191 AD2d 715; *cf., Matter of Mikel v Mark*, 249 AD2d 993; *People v Cephus*, 224 AD2d 706). In any event, once the juror was questioned after the place of his employment came to light, his responses established that he was not biased against the defendant.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]). S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.