■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MISLA, Appellant. [769 NYS2d 58]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 25, 2002, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant timely objected at trial (*see* CPL 470.05 [2]) to the complainant's erroneous response to a question posed by the prosecutor, which response indicated that the police called him to the precinct on a particular day to "view some pictures." The Supreme Court immediately sustained the objection and instructed the jury to strike the complainant's response from their minds (*see People v Gibbs,* 59 NY2d 930, 932 [1983]; *People v Berg,* 59 NY2d 294, 299-300 [1983]; *People v Lugo,* 218 AD2d 711 [1995]). The prosecutor promptly elicited testimony from the complainant regarding his identification of the defendant in a police lineup. Based upon the foregoing, the Supreme Court properly denied the defendant's motion for a mistrial (*see People v Griffin,* 29 NY2d 91, 93 [1971]; *People v Caserta,* 19 NY2d 18 [1966]).

The defendant also timely objected (*see* CPL 470.05 [2]) to the prosecutor's questioning of the arresting officer regarding whether other civilians or only law enforcement officers were in the room with the defendant when he was taken into custody on the ground that the questions improperly led the jury to infer that he had a prior criminal record (*see People v Mullin,* 41 NY2d 475 [1977]; *People v Blanchard,* 83 AD2d 905 [1981]). However, contrary to the defendant's contention, the questions did not lead to this inference and, in any event, the questions were unanswered and thus caused no prejudice.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.