THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE DANTON, Appellant. [811 NYS2d 68]—

Judgments, Supreme Court, New York County (Arlene R. Silverman, J.), rendered May 20, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and also convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly discharged a sworn juror as grossly unqualified to serve, when she unequivocally stated that she could

not render a fair verdict if deliberations disrupted her travel arrangements (*see* CPL 270.35; *People v Buford*, 69 NY2d 290, 299 [1987]; *People v Jones*, 287 AD2d 339 [2001], *lv denied* 98 NY2d 638 [2002]; *People v Sipas*, 246 AD2d 408 [1998]). On appeal, defendant asserts that the court should have asked the juror various additional questions. However, since defendant did not object to the sufficiency of the court's inquiry or request any further inquiry be made, his present claim is unpreserved (*People v Albert*, 85 NY2d 851 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's inquiry was adequate.

The court properly exercised its discretion in precluding defendant from eliciting, in an effort to establish that he was "not a seller but a user," that at the time of his arrest he was in possession of two crack pipes, but no money or drugs. This evidence was irrelevant to whether he sold drugs to an undercover officer nearly three months earlier. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Defendant's belated objection to the direction that he attend a sidebar conference failed to preserve this claim, and we decline to review it in the interest of justice. Were we to review the claim, we would find no basis for reversal. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.