THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACIEJ KOWALEWSKI, Appellant. [835 NYS2d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered April 28, 2004, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 5 to 15 years on the conviction of manslaughter in the second degree, to run consecutively with a determinate term of imprisonment of 15 years on the conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree shall run concurrently with the term of imprisonment imposed on the conviction of manslaughter in the second degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Pons,* 68 NY2d 264, 267-268 [1986]; *People v Licitra,* 47 NY2d 554, 559 [1979]; *People v Coley,* 289 AD2d 252 [2001]; *People v Johnson,* 205 AD2d 707, 707-708 [1994]; *People v Topsy,* 265 AD2d 353, 354 [1999]; *People v James M.,* 92 AD2d 594 [1983]).

Contrary to the defendant's contention, the recording of his call made to the 911 operator immediately after the incident was properly admitted as evidence of consciousness of guilt, which outweighed any alleged prejudice (*see generally People v Yazum,* 13 NY2d 302 [1963]; *see People v Aguirre,* 248 AD2d 717 [1998]). Moreover, error, if any, in the prosecutor's questions during cross-examination of the defendant regarding the tape recording did not constitute reversible error warranting a new trial where the court sustained objections to the questions, and promptly instructed the jury to disregard the same (*see People v Gibbs,* 59 NY2d 930, 932 [1983]; *People v Misla,* 2 AD3d 651, 652 [2003]).

Nor did the court err in refusing to instruct the jury with a specific charge on the mistake of fact defense since the court's instructions on the elements of manslaughter and weapons possession adequately covered the defense theory (*People v Williams,* 81 NY2d 303, 316-317 [1993]; *People v Grimaldi,* 6 AD3d 722 [2004]; *People v Storms,* 2 AD3d 757 [2003]; *People v Banks,* 248 AD2d 183 [1998]).

We agree with the defendant, however, that concurrent sentences, rather than consecutive sentences, were mandated under

the circumstances of this case (*see* Penal Law § 70.25 [2]; *People v Hamilton,* 4 NY3d 654, 658 [2005]; *People v Day,* 73 NY2d 208, 212 [1989]; *People v Ivory,* 27 AD3d 664 [2006]; *People v Reyes,* 239 AD2d 524, 525 [1997]; *People v Banks,* 208 AD2d 759, 760 [1994]). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.