■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE RIVERA, Appellant. [850 NYS2d 454]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered August 22, 2005, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The court properly denied defendant's request that it replace a sworn juror who expressed concern that, based on the expected trial schedule, jury deliberations might conflict with her travel plans, consisting of a long weekend in California. The court conducted a full inquiry of the juror and properly concluded

that there was no basis to discharge her (*see People v Buford*, 69 NY2d 290 [1987]). The juror expressly stated that she could render a fair verdict even if deliberations required her to switch to a later flight (*compare People v Danton*, 27 AD3d 354 [2006], *lv denied* 7 NY3d 754 [2006]). She also stated that, if necessary, she would be able to return for resumed deliberations after a weekend break. Defendant did not preserve his principal argument on appeal, which is that the juror allegedly conditioned her ability to deliberate fairly upon her being reimbursed for an airline rescheduling fee, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Although the juror expressed a desire to be reimbursed, she never suggested that lack of reimbursement would affect her ability to serve as a juror.

We perceive no basis to reduce the sentence. Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.