SUMMARY ORDER
Petitioner-Appellant Kareem Smith appeals from a judgment of the United States District Court for the Southern Dis *696 trict of New York (Pauley, J.), entered on December 11, 2008, 2008 WL 5203726, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties’ familiarity with the facts and procedural history of the case.
Smith asserts that he was denied his Fifth Amendment right to remain silent and his Fourteenth Amendment due process right to consult with his attorney, as both were defined by the Supreme Court in Brooks v. Tennessee, 406 U.S. 605, 92 5.Ct. 1891, 32 L.Ed.2d 358 (1972), when the trial court required Smith to testify, if at all, as the first defense witness in order to avoid a delay in the proceedings when other defense witnesses were unavailable. The Appellate Division affirmed Smith’s conviction on direct appeal, summarily rejecting his assertion that the trial court had committed error under Brooks. People v. Smith, 260 A.D.2d 253, 690 N.Y.S.2d 6, 6 (1999) (concluding that the trial court’s decision was “a proper exercise of ... [the court’s] power to control the flow of the proceedings in the interest of preventing the morning session of the trial from being wasted”). Because the state court denied Smith’s claim on the merits, we must deny the petition unless the state court’s adjudication resulted in a decision that “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
“Notwithstanding ... some of the broad language the Court employed in Brooks,... Brooks does not constitute a general prohibition against a trial judge’s regulation of the order of trial in a way that may affect the timing of a defendant’s testimony.” Harris v. Barkley, 202 F.3d 169, 173 (2d Cir.2000). In Harris, we concluded that the trial court could, consistent with Brooks, order a defendant to testify, if at all, prior to the last defense witness, who was not available until the next day because the defendant had failed to subpoena the witness. Id. at 173-74. Smith argues that the circumstances of his trial were unlike those we confronted in Harris, and that even if Brooks does not constitute a general prohibition against a trial judge’s regulation of the order of trial in a way that may affect the timing of a defendant’s testimony, it nonetheless prohibits the particular regulation of the order of trial at issue here. Although we agree that the circumstances of Smith’s trial are different in many ways from the trial we considered in Harris, we cannot agree that the circumstances are so different that the state court’s decision “was contrary to, or involved an unreasonable application of,” Brooks.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.