■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ARENA, Appellant. [895 NYS2d 514]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered September 29, 2008, convicting him of murder in the second degree and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of the trial, the victim's father had an emotional outburst in front of the jury during the testimony of a prosecution witness. The jury was immediately taken out of the courtroom. The court denied defense counsel's request that an inquiry of each juror be conducted in camera. The court then conducted an inquiry of each juror individually in open court in the presence of the attorneys and the defendant with approximately 100 spectators in the courtroom, including members of both the victim's family and the defendant's family, to determine whether each juror could still render a fair and impartial verdict. This inquiry resulted in the discharge of one juror. Defense counsel then moved for a mistrial, and the court denied the motion.

Two days later, the Supreme Court was informed by a court officer that one or more jurors had expressed concern for their safety in having to provide their full names during the inquiry in open court. The Supreme Court then conducted an individualized inquiry of each juror in camera to determine if each juror could still render a fair and partial verdict. The court was satisfied that each juror could render a fair verdict. Defense counsel renewed his motion for a mistrial, which was denied. The defendant contends that the Supreme Court's failure to conduct the first inquiry in camera constituted reversible error. We disagree.

CPL 270.35 (1) provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case . . . the court must discharge such juror." The "grossly unqualified" standard "is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [1987] [internal quotation marks omitted]). In making such a determination, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant" (*People v Buford*, 69 NY2d at 299; *see People v Rodriguez*, 71 NY2d 214, 219 [1988]; *People v Levy*, 213 AD2d 427, 427-428 [1995]; *People v Thomas*, 196 AD2d 462, 464 [1993]). "[T]his proceeding should be a

'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez*, 71 NY2d at 219, quoting *People v Buford*, 69 NY2d at 299).

Here, although the Supreme Court initially failed to conduct an in camera inquiry of the jurors on the day that the victim's father's outburst occurred, the Supreme Court did follow the guidelines set forth in *People v Buford* (69 NY2d at 299) by determining, as to each juror, whether he or she was "grossly unqualified," when it conducted its second inquiry of the jurors in camera pursuant to CPL 270.35. During that second inquiry, the Supreme Court properly conducted "a probing and tactful inquiry" of each juror individually in camera in the presence of the attorneys and the defendant (69 NY2d at 299; *see People v Rodriguez*, 71 NY2d at 219; *cf. People v Ruggiero*, 279 AD2d 538 [2001]). Thus, the Supreme Court's second inquiry of the jurors conducted in compliance with *People v Buford* cured any error by the Supreme Court in failing to initially inquire of the jury solely in the presence of counsel and the defendant.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial made during the cross-examination of a prosecution witness. The decision whether to grant a motion for a mistrial "rests within the sound discretion of the trial court which is in the best position to determine if [a mistrial] is truly necessary to protect the defendant's right to a fair trial" (*People v Cooper*, 173 AD2d 551, 552 [1991] [citations omitted]; *see People v Whitely*, 41 AD3d 622, 623 [2007]). Although one of the prosecution's witnesses spontaneously testified, on cross-examination, that he passed a polygraph test, the Supreme Court struck the testimony and issued a curative instruction directing the jury to disregard the witness's response. Under these circumstances, the court's

prompt curative instruction eliminated any prejudice to the defendant, and reversal is unwarranted (*see People v Jackson*, 198 AD2d 436 [1993]; *People v Young*, 186 AD2d 699, 700 [1992]; *see generally People v Benloss*, 60 AD3d 686, 687 [2009]; *People v Jackson*, 59 AD3d 637, 638 [2009]).

Additionally, the Supreme Court properly denied the defendant's motion for a mistrial relating to an improper comment made by the prosecutor during the cross-examination of a defense witness, since any alleged prejudice to the defendant was cured when the Supreme Court instructed the jury to disregard the comment and admonished the prosecutor in the presence of the jury (*see People v Kowalewski*, 39 AD3d 770, 771 [2007]; *People v Misla*, 2 AD3d 651, 652 [2003]).

The defendant's contention that various comments made by the prosecutor during his summation were improper is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general objections, or his objections were sustained without any further request for curative instructions, and he failed to move for a mistrial on the specific grounds he now asserts on appeal (*see People v Philbert*, 60 AD3d 698, 699 [2009]; *People v Dashosh*, 59 AD3d 731 [2009]; *People v Boyce*, 54 AD3d 1052, 1053 [2008]). In any event, all of the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Philbert*, 60 AD3d at 699; *People v Nisvis*, 56 AD3d 574 [2008]; *People v Crawford*, 54 AD3d 961, 962 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.