■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR JOHNSON, Appellant. [922 NYS2d 455]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered December 12, 2008, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the count in the indictment charging him with course of sexual conduct against a child in the first degree was duplicitous is unpreserved for appellate review (*see* CPL 470.05 [2]), as the defendant failed to make a pretrial motion to dismiss that count of the indictment within 45 days of his arraignment (*see* CPL 210.20 [1], [2]; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Nash*, 77 AD3d 687 [2010]; *People v Booker*, 63 AD3d 750 [2009]). In any event, the defendant's contention is without merit (*see People v Keindl*, 68 NY2d 410 [1986]; *People v Palmer*, 7 AD3d 472 [2004]).

The defendant claims that the Supreme Court improvidently exercised its discretion in discharging Juror Three, and that the court failed to conduct a sufficient inquiry before doing so. Insofar as the defendant claims that the Supreme Court failed to conduct a sufficiently probing and tactful inquiry of Juror Three as required by *People v Buford* (69 NY2d 290 [1987]), his contention is unpreserved for appellate review (*see* CPL 470.05 [2]), as he "neither informed the court that its questioning was insufficient or objectionable, nor suggested additional avenues of inquiry or requested that other jurors be questioned" (*People v Hicks*, 6 NY3d 737, 739 [2005]). In any event, CPL 270.35 (1) provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature . . . the court must discharge such juror." The "grossly unqualified" standard "is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Porter*, 77 AD3d 771, 772 [2010], quoting *People v Buford*, 69 NY2d at 298 [internal quotation marks omitted]; *see People v Arena*, 70 AD3d 1044, 1045 [2010]; *People v Lawrence*, 303 AD2d 603, 604 [2003]). In making such a determination, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant" (*People v Buford*, 69 NY2d at 299), conducting "a 'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez*, 71 NY2d 214, 219 [1988], quoting *People v Buford*, 69 NY2d at 299). Contrary to the defendant's contention, the Supreme Court conducted a sufficiently probing and tactful inquiry, and did not improvidently exercise its discretion in discharging Juror Three as "grossly unqualified."

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant is correct that the Supreme Court should have redacted certain statements made by the complainant's father during a telephone conversation with the defendant that was recorded by police with the cooperation of the complainant's father. However, the error in failing to do so was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.