THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MORALES, Appellant. [930 NYS2d 454]—

The defendant contends that the trial court erred in declining to discharge a sworn juror without conducting a sufficiently thorough inquiry regarding the juror's prior unpaid internship with the prosecution's office (*see* CPL 270.35). However, the defendant did not object to the sufficiency of the trial court's inquiry prior to declining to discharge the juror, or request that any further inquiry be made. Accordingly, the defendant's contention is unpreserved for appellate review (*see People v Jones*, 260 AD2d 647, 647-648 [1999]).

In any event, the record does not support the defendant's contention that the deliberating juror concealed his place of employment during voir dire. Moreover, once the juror was questioned about his internship, his responses established that he was not biased against the defendant. Therefore, the Supreme Court properly determined that the juror was not grossly unqualified (*see* CPL 270.35; *People v Williams*, 272 AD2d 563, 564 [2000]; *People v Grace*, 243 AD2d 579, 579-580 [1997]).

The defendant's contentions that the prosecutor's summation remarks constituted reversible error because she allegedly mischaracterized the evidence, vouched for the accuracy of the complainant's identification, and made inflammatory comments, are unpreserved for appellate review because he failed to object, request curative instructions, or timely move for a mistrial on these grounds (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the comments alleged to be prejudicial either were fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), were responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]). Skelos, J.P., Eng, Austin and Miller, JJ., concur.