■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPEARS WILLIAMS, Appellant. [6 NYS3d 284]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County, (Garnett, J.), rendered March 5, 2012, convicting him of burglary in the second degree (four counts) and petit larceny (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, a juror informed the court that she had been the victim of an assault two days earlier, had reported the

incident to the police, and had filed a complaint. Following inquiry, the court denied the defendant's application to discharge the sworn juror. On appeal, the defendant contends that this was error.

CPL 270.35 (1) provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature . . . the court must discharge such juror." The " 'grossly unqualified' " standard " 'is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*People v Porter*, 77 AD3d 771, 772 [2010], quoting *People v Buford*, 69 NY2d 290, 298 [1987]; *see People v Johnson*, 83 AD3d 1094, 1095-1096 [2011]; *People v Arena*, 70 AD3d 1044, 1045-1046 [2010]). In making such a determination, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant" (*People v Buford*, 69 NY2d at 299), conducting "a 'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez*, 71 NY2d 214, 219 [1988], quoting *People v Buford*, 69 NY2d at 299; *see People v Johnson*, 83 AD3d at 1095-1096; *People v Arena*, 70 AD3d at 1046).

Contrary to the defendant's contention, the Supreme Court conducted a sufficiently probing and tactful inquiry, correctly determined that the sworn juror was not grossly unqualified to serve, and properly denied the application to discharge the juror (*see People v Harris*, 99 NY2d 202 [2002]; *People v Johnson*, 83 AD3d at 1096; *People v Osorio*, 49 AD3d 562 [2008]).

The defendant's contention that the court's subsequent instruction to defense counsel and to the juror improperly shifted the onus onto those two to ascertain whether the ongoing police investigation was influencing the juror's ability to remain impartial is raised for the first time on appeal and, thus, is unpreserved for appellate review (*see* CPL 470.05; *People v Hicks*, 6 NY3d 737, 739 [2005]). In any event, the contention is without merit. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.