■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE TURNER, Appellant. [42 NYS3d 329]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered May 2, 2013, convicting him of rape in the first degree (two counts) and assault in the third degree, upon a jury verdict, and sentencing him to two consecutive terms of imprisonment on the convictions of rape in the first degree to run concurrently with the sentence imposed on the conviction of assault in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on the convictions of rape in the first degree shall run

concurrently with each other; as so modified, the judgment is affirmed.

When a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months after the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Malloy*, 137 AD3d 1304, 1304 [2016]; *People v Young*, 110 AD3d 1107, 1107-1108 [2013]). Here, the total time chargeable to the People was less than the six-month period provided by CPL 30.30 (1) (a). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

The defendant was not deprived of his right of confrontation (*see* US Const Sixth Amend) when the Supreme Court curtailed defense counsel's cross-examination of the complainant regarding her grand jury testimony. "[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" (*People v Ashner*, 190 AD2d 238, 247 [1993]; *see People v Castellanos*, 65 AD3d 555 [2009]). Here, the court's ruling was proper.

Contrary to the defendant's contention, the Supreme Court properly curtailed the defendant's introduction of extrinsic evidence and denied his request to call a witness to contradict the complainant's answers concerning collateral matters, both of which were solely for the purpose of impeaching the complainant's credibility (*see People v Pavao*, 59 NY2d 282, 288-289 [1983]; *People v Lloyd*, 115 AD3d 766, 769 [2014]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions raised in his pro se supplemental brief, that the rape counts were duplicitous and that the Supreme Court erred in allowing the complainant to testify about certain previous incidents, are without merit. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.