■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHUN Y. LAU, Appellant. [50 NYS3d 401]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered September 18, 2015, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During deliberations, a juror informed the Supreme Court that she had prearranged travel plans for that evening. Following inquiry, the juror was permitted to place a phone call to her husband and was subsequently returned to the jury room. After learning that the jury had reached a verdict, the defendant moved for a mistrial on the basis that the juror was grossly unqualified. The court denied the defendant's motion for a mistrial. On appeal, the defendant contends that the court failed to sufficiently question the juror and should have

dismissed her from the jury. The defendant's claim regarding the sufficiency of the court's questioning of the juror is unpreserved for appellate review, because he did not object to the sufficiency of the court's inquiry or request that any further inquiry be made (*see People v Gueye*, 122 AD3d 768, 768 [2014]; *People v Morales*, 87 AD3d 1165, 1166 [2011]; *People v Johnson*, 83 AD3d 1094, 1095 [2011]; *People v Danton*, 27 AD3d 354, 355 [2006]). In any event, the court did not improvidently exercise its discretion in finding that the juror was not grossly unqualified.

CPL 270.35 (1) provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature . . . the court must discharge such juror." The " 'grossly unqualified' " standard " 'is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*People v Porter*, 77 AD3d 771, 772 [2010], quoting *People v Buford*, 69 NY2d 290, 298 [1987]; *see People v Johnson*, 83 AD3d 1094, 1095-1096 [2011]; *People v Arena*, 70 AD3d 1044, 1045-1046 [2010]). In making such a determination, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant" (*People v Buford*, 69 NY2d at 299), conducting a " 'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez*, 71 NY2d 214, 219 [1988], quoting *People v Buford*, 69 NY2d at 299; *see People v Johnson*, 83 AD3d at 1095-1096; *People v Arena*, 70 AD3d at 1046).

Contrary to the defendant's contention, the Supreme Court conducted a sufficiently probing and tactful inquiry and correctly determined that the sworn juror was not grossly unqualified to serve. The court also properly denied the defendant's motion for a mistrial (*see People v Griffin*, 98 AD3d 688, 689 [2012]; *People v Vazquez*, 82 AD3d 1273, 1275 [2011]; *People v Danton*, 27 AD3d 354, 354-355 [2006]; *People v Rivera*, 48 AD3d 250, 251 [2008]; *People v Bowers*, 210 AD2d 795, 797 [1994]). Moreover, the defendant failed to preserve for appellate review his contention that it was not sufficient for the court to place its reasoning for retaining the juror on the record after it accepted the jury's verdict (*see* CPL 470.05 [2]). In any event, the court did not improvidently exercise its discretion by doing so (*see People v Sanchez*, 99 NY2d 622 [2003]). The defendant's

claims that the juror should not have been returned to the jury room and that deliberations should not have resumed absent explicit direction from the court are unpreserved for appellate review, as the defendant did not raise them before the court and they are not mode of proceedings errors within the exception to the preservation rule (*see People v Kelly*, 16 NY3d 803, 804 [2011]; *People v Prince*, 128 AD3d 987 [2015]).

In any event, pursuant to CPL 310.10 (1), court officers must supervise deliberating jurors, and may perform "administerial duties with respect to the jurors." Returning a deliberating juror to the jury room after she was permitted to make a phone call is just such an administerial duty. Moreover, pursuant to CPL 310.10 (2), where a jury has been separated, it should resume its deliberations after "all twelve jurors have reassembled in the designated place at the termination of the declared recess." Indeed, the Supreme Court explicitly instructed the jurors, "[y]ou may deliberate only when all 12 of you are together in the jury room." Thus, although the court directed the jurors to stop deliberating when the subject juror was removed to speak with the court and parties in chambers, it was not inappropriate for the jury to resume deliberations upon the return of the juror, even in the absence of an explicit direction from the court that it should do so.

Furthermore, the defendant failed to preserve for appellate review his contention that the Supreme Court improperly failed to question another juror who informed the court during deliberations that she had a "time problem" (*see People v Gueye*, 122 AD3d at 768; *People v Morales*, 87 AD3d at 1166; *People v Danton*, 27 AD3d at 355). In any event, under the circumstances here, where the jury reached a verdict before any time problem the juror may have had became relevant, the court's failure to question this juror does not require reversal. Finally, the defendant's contention that the verdict was "rushed" as a result of the two jurors' desire for a speedy verdict is speculative and insufficient as a basis for setting aside the verdict (*see People v Redd*, 164 AD2d 34, 36 [1990]).

Contrary to the People's assertion, the defendant sufficiently preserved for appellate review his contention that the Supreme Court should have granted his motion to sever his trial from that of the codefendant on the basis that his defense was antagonistic to that of the codefendant, by arguing to the court, inter alia, that his defense and that of the codefendant were "conflicting" (*see People v Lessane*, 142 AD3d 562, 563 [2016]).

When charges against codefendants are properly joined in a single indictment, motions for separate trials are addressed to

the discretion of the trial court (*see People v Mahboubian*, 74 NY2d 174, 183 [1989]). When such a motion is made, "severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (*id.* at 184; *see People v Cardwell*, 78 NY2d 996, 997-998 [1991]). Here, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to sever his trial from that of the codefendant inasmuch as the defenses asserted by the defendant and the codefendant were not in irreconcilable conflict with each other such that there was a danger that the conflict alone would have led the jury to infer the defendant's guilt (*see People v Turnbull*, 52 AD3d 747 [2008]; *People v Martins*, 306 AD2d 423 [2003]).

Finally, the defendant contends that he was denied due process and deprived of a fair trial because the People failed to disclose, pursuant to CPL 710.30, that the complainant took part in a police-arranged identification procedure prior to trial in which the complainant identified the defendant in a photograph. However, because the identification at issue was merely confirmatory, it was not subject to the notice requirement of CPL 710.30 (*see People v Rodriguez*, 79 NY2d 445, 449 [1992]; *People v Corchado*, 225 AD2d 560 [1996]; *People v Archie*, 200 AD2d 676 [1994]; *People v Cuevas*, 133 AD2d 504, 505 [1987]). Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.