■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE PICKETT, Appellant. [60 NYS3d 448]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered June 13, 2013, convicting him of criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the Supreme Court failed to conduct a sufficient inquiry of certain jurors to determine whether they were grossly unqualified to serve is unpreserved for appellate review, because the defendant did not object to the sufficiency of the court's inquiry or request that any further inquiry be made (*see* CPL 470.05 [2]; *People v Hicks*, 6 NY3d 737, 739 [2005]). In any event, the defendant's claim regarding the sufficiency of the court's inquiry is without merit (*see People v Williams*, 127 AD3d 792, 793 [2015]). Additionally, the defendant waived any claim that the court erred in failing to declare a mistrial, or in failing to discharge any of the jurors on the ground of gross disqualification, within the meaning of CPL 270.35 (1) (*see People v Wlasiuk*, 90 AD3d 1405, 1410 [2011]; *People v Hinton*, 302 AD2d 1008, 1008-1009 [2003]; *cf. People v Prince*, 128 AD3d 987, 988 [2015]).

The defendant's contention that he was denied the effective assistance of counsel because his trial counsel improperly permitted him to choose whether to move for a mistrial is without merit. The record supports the conclusion that the defendant's trial counsel made the decision to forgo moving for a mistrial after consulting with him (*see People v Colville*, 20 NY3d 20, 32 [2012]; *People v Butler*, 140 AD3d 472, 472-473 [2016]; *People v Gottsche*, 118 AD3d 1303, 1304-1305 [2014]). Counsel's representation, viewed in its totality, cannot be considered ineffective (*see People v Clark*, 28 NY3d 556, 562-563 [2016]). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.