People v Stone (2020 NY Slip Op 04187)





People v Stone


2020 NY Slip Op 04187


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10802
 (Ind. No. 2017/17)

[*1]The People of the State of New York, respondent,
v
Melvin S. Stone, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered August 10, 2018, convicting him of course of sexual conduct against a child in the first degree and criminal sexual act in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested after his stepdaughter accused him of sexual abuse, beginning when she was 5 years old and continuing until she was 14 years old. The abuse began when the family lived in Brooklyn and continued as the family moved to Queens and then Suffolk County. The defendant was charged with the crimes that occurred in Suffolk County. During the trial, the County Court allowed testimony about the earlier uncharged abuse, which had occurred in Brooklyn and Queens, to be admitted into evidence. The jury convicted the defendant of course of sexual conduct against a child in the first degree and criminal sexual act in the second degree.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review since he failed to move for a trial order of dismissal specifically directed at the elements he now claims are insufficient (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The County Court providently exercised its discretion in permitting the People to elicit testimony regarding uncharged crimes, because the evidence was relevant background information that placed the charged conduct in context and because the probative value of that evidence outweighed the risk of prejudice to the defendant (see People v Frumusa, 29 NY3d 364, [*2]369; People v Leonard, 29 NY3d 1, 6; People v Cass, 18 NY3d 553, 559; People v Molineux, 168 NY 264, 293).
Contrary to the defendant's contention, the County Court properly denied the defendant's request to call a witness to contradict the complainant's testimony concerning a collateral matter solely for the purpose of impeaching the complainant's credibility (see People v Pavao, 59 NY2d 282, 288-289; People v Turner, 145 AD3d 745, 746).
The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, as defense counsel either did not object to the challenged remarks or made only general objections (see CPL 470.05[2]; People v Tonge, 93 NY2d 838, 839-840; People v Simms, 178 AD3d 963, 964). In any event, the contention is without merit. The prosecutor's remarks, in nearly every instance, were responsive to defense counsel's summation, constituted fair comment on the evidence, or were within the broad bounds of rhetorical comment permissible in closing arguments (see People v Thompson, 118 AD3d 822, revd on other grounds 26 NY3d 678; People v Jackson, 41 AD3d 498, 499). To the extent that any remarks were improper, the error was not so egregious as to have deprived the defendant of a fair trial (see People v Giddens, 161 AD3d 1191, 1193-1194). Furthermore, since nearly all of the challenged remarks were not improper, defense counsel's failure to object to them did not constitute ineffective assistance of counsel (see People v Simms, 178 AD3d at 963-964).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court