People v Bentley (2020 NY Slip Op 04753)





People v Bentley


2020 NY Slip Op 04753


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-10963
 (Ind. No. 16-00629)

[*1]The People of the State of New York, respondent,
v
Garfield Bentley, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered October 5, 2017, convicting him of burglary in the second degree, criminal contempt in the first degree (three counts), criminal contempt in the second degree (five counts), criminal obstruction of breathing or blood circulation, falsely reporting an incident in the third degree, and stalking in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal contempt in the second degree under count 11 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support the verdict as to all counts because the testimony of the People's witnesses was incredible as a matter of law. He also contends that the People failed to prove the elements of criminal contempt in the second degree as charged in count 9 of the indictment and falsely reporting an incident in the third degree. These contentions are unpreserved for appellate review, as the defendant's motion for a trial order of dismissal was not specifically directed at the errors being urged on appeal (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of each count beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that count 12 of the indictment, charging criminal contempt in the first degree, and count 13 of the indictment, charging stalking in the third degree, are each duplicitous is unpreserved for appellate review (see CPL 470.05[2]; People v Becoats, 17 NY3d 643, 650-651; People v Johnson, 83 AD3d 1094, 1095), and, in any event, without merit, as [*2]each of the challenged counts alleged a single uninterrupted course of conduct, directed at a single victim, constituting a single crime (see CPL 200.30; People v Alonzo, 16 NY3d 267, 270; People v Maldonado, 177 AD3d 554).
The defendant's contention that count 12 of the indictment and counts 3 and 10, which also charged criminal contempt in the first degree, were multiplicitous is unpreserved for appellate review (see CPL 470.05[2]; People v Cruz, 96 NY2d 857, 858; People v Sukhu, 157 AD3d 973, 974) and, in any event, without merit, because the subject counts were clearly distinct from one another and each count required proof of at least one fact that the others did not (see People v Gordon-Patterson, 170 AD3d 1037, 1038; People v Kindlon, 217 AD2d 793, 795).
As the People concede, under the facts of this case, the defendant could not have committed the crime of criminal contempt in the first degree as charged in count 10 of the indictment (Penal Law § 215.51[b][i]) without also having committed the crime of criminal contempt in the second degree as charged in count 11 of the indictment (Penal Law § 215.50[3]). As these counts were "inclusory concurrent counts" as defined by CPL 300.30(4), a verdict of guilty upon the greater is deemed a dismissal of every lesser (see CPL 300.40[3][b]). Thus, although the defendant did not request that the subject counts be charged in the alternative, the conviction of the lesser count must be dismissed (see People v Lee, 39 NY2d 388, 390; People v Grier, 37 NY2d 847, 848; People v Anderson, 91 AD3d 789, 790).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court