People v Davis (2022 NY Slip Op 01311)





People v Davis


2022 NY Slip Op 01311


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2015-00221
 (Ind. No. 4/11)

[*1]The People of the State of New York, respondent,
v
Derrell Davis, appellant.


Janet E. Sabel, New York, NY (Katheryne M. Martone of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, Hannah X. Scotti, and Kate Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel L. Blumenfeld, J.), rendered December 18, 2014, convicting him of burglary in the second degree and overdriving, torturing, and injuring animals, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was denied his constitutional right to present a complete defense due to the Supreme Court's evidentiary rulings is largely unpreserved for appellate review (see People v Lane, 7 NY3d 888, 889; see e.g. People v Cutting, 150 AD3d 873, 875). In any event, there is no merit to the defendant's arguments that he was deprived of his right to present a defense. Here, the court properly precluded the defendant from introducing extrinsic evidence of collateral matters as the defendant's sole purpose in offering such evidence was to impeach credibility (see People v Turner, 145 AD3d 745, 746; People v Seabrook, 76 AD3d 606, 607). To the extent that the defendant contends that he sought to introduce evidence that the People's witnesses had motives to fabricate their stories, the court properly precluded such proffered evidence as too remote in time and too speculative to suggest a motive to fabricate (see People v Soto, 177 AD3d 781, 783; People v Garcia, 47 AD3d 830, 831).
The defendant's contention that the Supreme Court should have questioned a juror who informed the court during deliberations that he had upcoming travel plans is without merit. Among other things, the court informed the juror that he might have to miss his planned trip and the juror never indicated that he would not continue to deliberate. Under the circumstances, the court's failure to further question the juror was not error (see People v Lau, 148 AD3d 932, 934). The defendant's contention that the verdict was rushed is speculative and insufficient as a basis for setting aside the verdict (see id. at 934).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit (see e.g. People v Smith, 260 AD2d 253, 253).
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court