■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINUTIS SIPAS, Appellant. [668 NYS2d 31] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered March 6, 1996, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The trial court properly admitted uncharged crime evidence for the purpose of establishing motive and intent in light of the defense claim that the shooting was accidental (People v Molineux, 168 NY2d 264). None of the People's rebuttal evidence involved collateral matters (see, People v Knight, 80 NY2d 845; People v Cade, 73 NY2d 904, 905), and, to the extent that it included matters that could have been introduced on the People's direct case, it was properly admitted in the court's discretion (People v Alvino, 71 NY2d 233, 248). None of the challenged evidence constituted hearsay, because it was offered for relevant purposes other than its truth. The fact that a conversation involving defendant, and highly relevant to motive, also made reference to an equally admissible conversation between defendant and the complainant did not constitute "bolstering" of the complainant's testimony. Defendant's remaining challenges to evidentiary rulings are without merit.

The court properly discharged a sworn juror over defense objection following a "probing and tactful inquiry" where the juror unequivocally informed the court that, if forced to miss classes necessary for a job promotion, he could not give the attention the case required and would not be able to be a fair juror (see, People v Buford, 69 NY2d 290, 299; CPL 270.35).

The court's summary of the expert testimony during its instructions to the jury on that subject, when read as a whole, was fair and appropriate.

We perceive no abuse of discretion in sentencing or denial of youthful offender treatment. Concur—Sullivan, J. P., Rosenberger, Andrias and Colabella, JJ.