■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JONES, Appellant. [731 NYS2d 180] —Judgment, Supreme Court, New York County (Renee White, J., on application for psychiatric examination; Ronald Zweibel, J., at jury trial and sentence), rendered January 6, 1999, convicting defendant of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts), and resisting arrest, and sentencing him, as a second violent felony offender, to two consecutive terms of 15 years concurrent with concurrent terms of 7 years, 7 years and 1 year, unanimously affirmed.

The court properly discharged a sitting juror as being grossly unqualified to serve. After a thorough inquiry, the court determined that the juror could not have remained impartial throughout jury deliberations, which were scheduled to begin the next day, since he would have been preoccupied with the disruption of his travel plans that would have occurred in the event that deliberations continued for more than one day (*see, People v Sipas*, 246 AD2d 408). The court properly exercised its discretion in rejecting defendant's offer to consent, in advance, to the substitution of an alternate in the event that the jury did not reach a verdict on the first day of deliberations. The court expressed valid concerns that defendant might ultimately renege on such an agreement, and that anticipatory consent to the substitution of an alternate during deliberations did not appear to be authorized by the applicable statute and might not be viewed as binding (*see*, CPL 270.35 [1]).

The court properly denied defendant's application for an or-

der directing the victim to submit to a psychiatric examination by a defense expert, and this ruling did not deprive defendant of a fair trial or the right to present a defense. Even assuming, without deciding, that a court has the authority to direct such an examination (*see, People v Earel*, 89 NY2d 960), the court properly concluded that defendant had not established the necessity for one. At trial, defendant called an expert who had reviewed the victim's records, and the victim's psychiatric background and mental condition were fully explored (*see, id.*). There is no basis upon which to conclude that the absence of a psychiatric examination placed defendant at an undue disadvantage.

The court properly allowed limited testimony by the victim concerning defendant's previous threatening behavior, witnessed by the victim, since it was probative of the element of forcible compulsion, even though the defense was not consensual sex but that the sexual attack never occurred (*People v Cook*, 93 NY2d 840, 841). The effect of defendant's prior threatening behavior on the victim's state of mind was relevant to issues presented at trial and was not unduly prejudicial (*see, People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673).

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.