■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP SARUBBI, Appellant. [877 NYS2d 50]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at suppression hearing; John Cataldo, J., at jury trial and sentence), rendered November 15, 2007, convicting defendant of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court improperly denied defendant's challenges for cause to two prospective jurors. When defense counsel asked a panelist a specific question as to whether her experience as a crime victim might prevent her from being an impartial juror, she replied that "it might, it might." Another panelist stated that her two grandsons had been murdered, and that serving on a criminal case made her "a little" uncomfortable. This panelist then volunteered that her watch was missing, that she believed it had just been stolen while she was in the courthouse, and that "I'm afraid I would be a little impartial," presumably intending to mean she could not be completely impartial.

As to each panelist, defense counsel elicited a sufficient basis to require the court to either grant the challenge for cause or make its own inquiry of the panelist. Accordingly, we reject the People's argument that defense counsel was obligated to ask additional clarifying questions. Where "potential jurors themselves openly state that they doubt their own ability to be impartial in the case at hand, there is far more than a *likelihood* of bias, and an unequivocal assurance of impartiality must be elicited if they are to serve" (*People v Johnson*, 94 NY2d 600, 614 [2000]). Where there is any doubt, the court should err on the side of disqualification because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]). Here, the court simply denied each of these challenges for cause without comment or further inquiry, leaving in doubt each panelist's ability to serve.

The hearing court properly denied defendant's suppression motion. The police action constituted an investigatory detention requiring only reasonable suspicion, which was present (*see People v Allen*, 73 NY2d 378 [1989]; *People v Hicks*, 68 NY2d 234 [1986]). Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.