Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 26, 2006, convicting defendant, after a jury trial, of attempted criminal sexual act in the first degree and 22 counts of criminal contempt in the second degree, and sentencing him to an aggregate term of four years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility. The discrepancy between a police report and the victim’s *524 testimony was readily explained by factors that included a language barrier.
The court properly discharged a sworn juror as being grossly unqualified to continue serving. Based on the totality of the juror’s answers to the court’s questions, the logical implications of those answers, and the juror’s demeanor, which the court placed on the record, the court properly determined that the juror could not remain impartial throughout deliberations if forced to remain on the jury. The court properly inferred that the juror would have been preoccupied with the serious disruption of her travel plans, which would have caused financial loss and difficulty with her and her fiancé’s jobs (see People v Buford, 69 NY2d 290, 299 [1987]; People v Jones, 287 AD2d 339 [2001], lv denied 98 NY2d 638 [2002]).
Since defendant’s arguments at trial were entirely different from those he asserts on appeal, his claim that the court improperly allowed impeachment use of a statement after the People had withdrawn their GPL 710.30 notice of intent to introduce it is unpreserved (see People v Reed, 4 AD3d 120, 121 [2004], lv denied 2 NY3d 805 [2004]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see id. at 122). Concur—Andrias, J.P., Sweeny, Nardelli and Abdus-Salaam, JJ.