People v Bowman (2022 NY Slip Op 02208)





People v Bowman


2022 NY Slip Op 02208


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Ind No. 5144/16 Appeal No. 15624 Case No. 2019-5667 

[*1]The People of the State of New York, Respondent,
v
Robert Bowman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alice Wiseman of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered August 1, 2o18, convicting defendant, after a jury trial, of robbery in the second and third degrees, and sentencing him, as a persistent violent felony offender, to consecutive terms of 16 years to life and 3½ to 7 years, unanimously reversed, on the law, and the matter remanded for a new trial.
During jury selection, the court advised the panel that the trial could last until April 17, 2018. The panelist at issue stated that she "absolutely" could not serve on April 18, because she had irrevocable travel plans for that day. When defense counsel said that "we are starting to get closer to the 16th, 17th," and asked whether she "may not be able to give [her] best attention" if "we started moving in that direction," the panelist said, "Yes." Counsel challenged this panelist for cause because of the concern that she would have difficulty focusing on the trial due to her travel constraints. In the alternative, counsel sought to question this panelist further. The court denied the challenge because it believed that the trial "should never even get that close." Defendant was compelled to exercise his final peremptory challenge against this panelist. The court should have granted defendant's request for further inquiry to determine her ability to serve (see People v Sarubbi, 61 AD3d 493 [1st Dept 2009]). Given that her travel plans precluded her from serving a single day beyond the court's estimated outer limit for the trial, the panelist gave the impression that she would have difficulty focusing on the trial, as she stated, and that, if selected, she might have been biased in favor of reaching a verdict quickly (see e.g. People v Williams, 44 AD3d 326 [1st Dept 2007], lv denied 9 NY3d 1010 [2007]; People v Jones, 287 AD2d 339 [1st Dept 2001], lv denied 98 NY2d 638 [2002]; People v Sipas, 246 AD2d 408 [1st Dept 1998]).
Since we are reversing and remanding for a new trial, we do not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022